**RUSHING et al.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 14669.**

United States Court of Appeals,

Fifth Circuit.

June 23, 1954.

Murray J. Howze, Monahans, Tex., for petitioners.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Kenneth W. Gemmill, Acting Chief Counsel, and Vernon F. Weekley, Sp. Atty., Washington, D. C., Robert N. Anderson, Alonzo W. Watson, Jr., Maurice P. Wolk, Sp. Assts. to Atty. Gen., for respondent.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

This is an appeal from an unreported decision [1] of the Tax Court which, while amending the Commissioner's determination in some particulars, in the main affirmed it.

The taxpayer Robert E. Rushing appeared in person and without counsel in the hearing before the Tax Court, and, though the Tax Court judge warned him that it was highly probable that he would not be able to properly present his case without the aid of counsel and offered to postpone the case until he could secure such aid, the taxpayer insisted on representing himself.

This appeal, prosecuted on his and his wife's behalf by counsel, is predicated largely upon the fact that the taxpayer was without counsel below and, therefore, did not properly present his case, and the claim that, if given an opportunity to present the case through counsel, he would show that the findings and conclusions were not in fact based upon the true facts. In addition to this point, he makes the point that the testimony of the taxpayer was sufficient, when properly viewed in its entirety, to support most of the claims, and it was error to reject them as the Tax Court did.

The specific errors assigned are: (1) that the Tax Court erred in holding that the expenses claimed to have been incurred for advertising, entertainment, travel, material and supplies, etc. were not sufficiently substantiated to overcome the Commissioner's determina-

1. The facts as found by it are thus briefly summarized:

The taxpayers are husband and wife and were residents of Texas during the taxable years 1946, 1947 and 1948. In 1946 they filed separate returns on the community property basis and joint returns in the two subsequent years. All returns were prepared on a cash basis.

Mr. Rushing was in the oil field contracting business. His work consisted of servicing wells, constructing derricks, setting units, swabbing wells, pulling rods and tubing, and general construction work in the oil field. He employed from 10 to 40 people in this work.

No formal books and records were kept in any of the taxable years. The income tax returns were prepared by an accountant from information furnished by Mr. Rushing. The source of this information was cancelled checks and bank statements but Mr. Rushing did not maintain separate bank accounts for his business or personal needs.

Prior to the preparation of the income tax returns Mr. Rushing grouped his checks in certain categories of expenses, such as travel, entertainment and repairs and obtained total amounts therefrom. During the conference with the internal revenue agent he regrouped these checks into other categories and obtained new totals. Later, at the hearing, he regrouped these checks for the third time and established the third set of expense figures. In each group of checks presented at the hearing allegedly representing expenses for travel, advertising and entertainment there were checks made payable to cash, individuals, restaurants, liquor stores, drug stores, grocery stores and clothing stores. Only in general terms and from his memory was Mr. Rushing able to give the number and names of persons entertained and the amounts of alleged expenses for gifts and advertising.

The Tax Court held that the evidence was not sufficient to allow the deductions claimed by the taxpayers as business expenses and for depreciation and therefore disallowed the deductions claimed in the returns except as therefore adjusted by the Commissioner in his deficiency notices.

Early in 1948 Mr. Rushing purchased a drilling rig and swabbing unit. The aggregate of all payments made by him on these two pieces of equipment was $19,935.80. In the latter part of 1948 he was unable to meet his installment on the purchase price and an arrangement was worked out whereby a third party took over the equipment and assumed the obligation on it. In addition, the third party paid him $7,970.51 for his equity in the equipment. In his 1948 income tax return Mr. Rushing claimed a loss on this equipment under "Property Other Than Capital Assets" in the amount of $11,485.83. The Tax Court found that he sustained a loss on the sale of this equipment in the amount of $11,485.83, and that the taxpayer's deduction for loss must be limited to that claimed in his 1948 return, the pleadings having failed to raise the issue of a larger claim involving another item.

tion; and (2) that it erred in approving and adopting the Commissioner's depreciation schedule and rejecting the taxpayer's uncontradicted evidence as to the estimated life of the machinery and equipment.

 Of the taxpayer's first point, that, though he did not choose to accept the Tax Court's suggestion to obtain counsel and insisted on taking the consequences of trying it himself, he should, because he is not satisfied with the outcome, have another day in court, it is sufficient to say that we see neither reason nor justice in the point. We see no reason in it unless it is to be the rule that everyone who is not satisfied with the outcome of his case should have another try at it. We see no justice in it because the record shows that, painstakingly and with great added difficulty in trying the matter, the Tax Court judge gave taxpayer every reasonable assistance short of trying the case for him.

In respect of his second point, attention is called to the completely confused and unsatisfactory testimony of the taxpayer as to his expenses and deductions as shown in the findings, and the entirely reasonable conclusion that taxpayer, with the one exception noted, had failed to meet the burden of proving the incorrectness of respondent's determination,[2] and that since respondent allowed reasonable deductions, this conclusion was not in conflict with the Cohan Rule.[3]

With regard to the depreciation expenses claimed by taxpayer, the record shows that the commissioner made allowances for depreciation except as to two items, and that the difference between taxpayer and commissioner in each instance arose out of their different opinions as to the estimated life of the article.

In these circumstances, the taxpayer had a burden to overthrow the determination greater than could be satisfied by his unsupported testimony and opinion, his records being as unsatisfactory and sketchy as they were.

For the same reason, the Tax Court's refusal to accept: taxpayer's unsupported evidence as to the cost of the building, which he claims to have built himself, without any evidence of the cost expended for building materials; and one year as the life of a second hand Chevrolet pickup; may not be successfully assigned as error here.

After all, it was upon the taxpayer, who was seeking the allowance of deduction, it was not upon the Commissioner, that the burden lay of making satisfactory proof that he was entitled to them.

The Tax Court was well within its function as a trier of fact in rejecting the proof tendered as insufficient to discharge this burden. Its decision is

Affirmed.

---

2. Rule 32 of the Tax Court Rules, 26 U.S.C.A. § 1111, Rules of Practice Before the Tax Court of the United States, Revised to Nov. 15, 1952.

3. Cohan v. Commissioner, 2 Cir., 39 F.2d 540.