**Marvin E. WALLIS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7463.**

United States Court of Appeals
Tenth Circuit.

March 11, 1966.

Julie M. Reardon, Denver, Colo., for petitioner.

Gilbert E. Andrews, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, I. Henry Kutz and Donald W. Williamson, Jr., Washington, D. C., on the brief), for respondent.

Before LEWIS and HILL, Circuit Judges, and STANLEY, District Judge.

DAVID T. LEWIS, Circuit Judge.

■ This is a petition for review of a decision of the Tax Court sustaining the Commissioner's determination of income tax deficiencies and penalties for the taxable years 1953 and 1954. Venue for review having been stipulated by the parties, jurisdiction is conferred upon this court by section 7482 of the Internal Revenue Code of 1954. The decision of the Tax Court is premised entirely upon the presumptive correctness of the Com-

missioner's assessment and the complete failure of the taxpayer to show error in the determination. A decision may be so premised. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Anson v. Commissioner, 10 Cir., 328 F.2d 703; 9 Mertens, Law of Federal Income Taxation § 50.61, p. 158–59.

■ Petitioner's contentions in this court all flow directly or indirectly from the unfortunate fact that taxpayer appeared pro se in the proceedings before the Tax Court. But such an appearance, whether by choice or circumstance, does not lessen the impact of applicable rules. Rushing v. Commissioner, 5 Cir., 214 F.2d 383. And see Murphy v. Citizens Bank, 10 Cir., 244 F.2d 511; Barnes v. United States, 9 Cir., 241 F.2d 252.

■ Pointing to the fact that the notice of deficiency as reproduced in the present record sets forth no supporting data for the conclusion of a tax deficiency, petitioner argues that the Commissioner's determination was arbitrary upon its face and relieved him of the burden of showing error. The contention is indeed strained. The exhibit was that of petitioner and shows that the notice was accompanied by three enclosures including the customary "statement." If the supporting statement was faulty in law or fact, it was incumbent upon taxpayer to include the statement with his exhibit and so contend. His omission cannot be used to present advantage.

■ ■ Nor did the taxpayer sustain his affirmative burden of showing error in the Commissioner's determination by his general and completely conclusionary testimony of error. The record reflects the sincerity of taxpayer's subjective complaints; but his efforts, although patiently received and occasionally guided by the trial court,[1] produced no legal substance.

---

[1]. The trial court at one point admittedly misadvised taxpayer that he should show the correctness of his own returns. This is not his burden. Federal National Bank of Shawnee, Okl. v. Commissioner, 10 Cir., 180 F.2d 494. However, the rec- ord as a whole shows that taxpayer, within the limits of the inherent difficulties that a pro se appearance presents, was fully heard and not prejudiced by the court's statement.

Petitioner further asserts that the trial court erred in permitting taxpayer's original counsel to withdraw and in denying a motion "to set aside decision and grant new hearing." Again, these contentions only serve to emphasize the initiation and end result of what present counsel for petitioner terms his "unsurmountable handicap by representing himself before the tax court." No abuse of legal discretion appears. Other claims of error made by petitioner are similarly without merit.

Affirmed.