JULIAN T. KEITH, DECEASED and ZORA M. KEITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keith v. Commissioner
Docket No. 946-70.
United States Tax Court
T.C. Memo 1973-77; 1973 Tax Ct. Memo LEXIS 207; 32 T.C.M. (CCH) 350; T.C.M. (RIA) 73077; April 9, 1973, Filed Dougal C. Pope, for the petitioners. James N. Mullen and Robert Jones for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' 1963 and 1964 income taxes in the amounts of $155,027.83 and $2,371.02, respectively. Because of the manner in which this case was submitted to this Court, the only issue before us is whether certain statements contained in documents entitled "Petitioners' First Request for Admissions" and "Petitioners' Second Request for Admissions" are to be taken as established for the purposes of this case. 2 The stipulated facts are found as stipulated. Petitioners, husband and wife, lived in Houston, Tex., at all times relevant in this case. They filed joint Federal income tax returns for *208 the years 1963 and 1964 with the district director of internal revenue in Austin, Tex.
During the years at issue petitioners owned all the stock of Advanced Living Center, Inc., which filed its corporate income tax return for 1963 as an electing small business corporation, reporting a net operating loss of $190,597.76 for that year. Petitioners reported this operating loss on their tax return for 1963. Petitioners filed their tax returns for 1963 and 1964 on or before April 15, 1964 and 1965, respectively. Petitioners and respondent executed various timely agreements extending the period for assessment of petitioners' income taxes for both years to December 31, 1970. Petitioner Julian T. Keith died on November 20, 1967. Respondent mailed a notice of deficiency covering the years 1963 and 1964 to petitioners on December 4, 1969. Petitioners filed a timely petition with this Court on February 18, 1970, seeking a redetermination of deficiencies in their income tax for 1963 and 1964. In his notice of deficiency respondent determined numerous and sizable adjustments in petitioner's taxable income for 3 the year 1963 which resulted in increasing their taxable income *209 from $13,686.13, as reported, to $225,571.74. These adjustments included, among others, disallowance of $142,079.76 of the operating loss of Advanced Living Center, Inc., disallowance of a part of a loss claimed from their proprietorship, Advanced Homes of Houston, disallowance of deductions claimed for repairs and maintenance, depreciation, and interest, and increasing income by an amount received in settlement of a lawsuit. For the year 1964 respondent made similar adjustments which resulted in decreasing the loss claimed by petitioners on their return for 1964 from $27,195.39 to $2,722.44. Respondent also computed a tax due for 1964 in the amount of $2,371.02 for recapture of investment credit allowed for 1963. In their joint petition filed in this Court petitioners assigned as error all of the adjustments made by respondent for each of the years, and alleged as facts in support thereof principally conclusory statements, such as that Advanced Living Center, Inc., incurred an operating loss of $190,597.76 in 1963 and petitioners are entitled to deduct the entire amount of that loss. Petitioners also pleaded the statute of limitations as a bar to the assessment of deficiencies *210 for both years. 4 Respondent filed an answer in the form, primarily, of a general denial, but affirmatively alleged the execution of extension agreements as a defense to the statute of limitations. Thereafter petitioners filed two supplements to their petition in which they claimed for Zora Keith the benefits of the innocent spouse statute enacted January 12, 1971 (Public Law 91-679), and also that respondent erred in computing the taxable income of Advanced Living Center, Inc., on the accrual method rather than the cash method of accounting. Respondent filed additional answers denying these errors and allegations. Thereafter, on January 10, 1972, petitioners filed with the Court a document entitled "Petitioners' First Request for Admissions" which requested respondent to admit, for purposes of this case, pursuant to Rule 36 of the Federal Rules of Civil Procedure, that petitioners' correct taxable income for each of the years 1963 and 1964 were the amounts reported on their returns for those years. The Court filed petitioners' request as a motion and set it down for hearing, after which it was denied. On August 24, 1972, petitioners *211 filed another document entitled "Petitioners' Second Request for Admissions" in which they again requested respondent to admit for purposes of this case that their taxable income for 1963 and the loss for 1964 were as reported on their returns and that each of the deductions claimed on their returns and which had been disallowed by respondent in his notice of deficiency were 5 allowable. The Court also treated this request as a motion and, after a hearing thereon, denied it. The case was then calendared for trial in Houston on December 4, 1972. The parties submitted a stipulation of facts and a supplemental stipulation of facts which simply stipulated the residence of petitioners, the death of Julian T. Keith, and the fact that petitioners owned all the stock of Advanced Living Center, Inc., in 1963 and 1964, and had attached as exhibits the 1963 and 1964 tax returns of petitioners, the 1963 return of Advanced Living Center, Inc., and six forms extending the period of limitations for assessing petitioners' income taxes for 1963 and 1964 to December 31, 1970. Thereupon, counsel for petitioners tendered as evidence petitioners' first and second requests for admissions. The *212 Court noted that the requests had already been filed as motions and were denied. Both parties stated that they did not have any further evidence to offer, and the case was submitted on the stipulations of fact and the exhibits attached thereto. Counsel for both parties indicated they thought the issue in this case, as presented, was the same issue involved in Gilbert C. McKenzie, 59 T.C. 139, recently decided by this Court (October 12, 1972), in which case counsel for petitioner was the same attorney as counsel for petitioners in this case, who advised that the McKenzie case had appealed 6 to the United States Court of Appeals for the Fifth Circuit. Consequently, no briefs were submitted in this case. The primary issue here is indeed the same issue decided by this Court in McKenzie, and our conclusion on the issue in that case is controlling here. There is no need to repeat here our reasons for concluding as we do on this issue. We pointed out there that under section 7453 the proceedings in this Court are conducted under such rules of practice and procedure as this Court may prescribe; that the rules of this Court do not contain a provision for requesting *213 admissions, and that the Federal Rules of Civil Procedure which, in Rule 36, do provide for admissions, do not apply in this Court. While Rule 31(a) of the rules of this Court does not provide that trials before this Court "will be conducted in accordance with the rules of evidence applicable in trials without a jury in the United States District Court for the District of Columbia," this is a rule of evidence and not a rule of procedure. Hence, we conclude here, as we did in McKenzie, and for the reasons stated in the opinion in that case, that respondent's failure to deny the facts alleged in petitioners' 7 two requests for admissions does not result in those facts being deemed admitted for purposes of this case. [1]
This leaves us with a record barren of any evidence to support any of petitioners' allegations *214 of error made by respondent in the notice of deficiency. The rule is well established that respondent's determinations in the notice of deficiency bear a presumption of correctness and the burden of proof is on petitioners to show error in respondent's determinations by competent evidence. Avery v. Commissioner, 22 F. 2d 6 (C.A.5, 1927); Wallis v. Commissioner, 357 F. 2d 313 (C.A.10, 1966). See also Rule 32, United States Tax Court Rules of Practice. Since petitioners have submitted no competent evidence to support their allegations of error, they have failed to carry their burden of proof, and we must approve all of respondent's determinations made in his notice of deficiency, and must deny the affirmative allegations contained in petitioners' several pleadings. It is unfortunate that in a case with deficiencies of this magnitude petitioners' counsel refused to offer evidence on the merits of the adjustments in taxable income alleged to 8 be erroneous by petitioners, or to buttress his position on the procedural issue with arguments. Given the numerous and complex substantive issues herein which appear to us to be ripe for argument and the submission *215 of competent evidence, and the fact he decisively lost the identical procedural issue before this Court in the McKenzie case, we are at a total loss for an explanation of his tactics. Our hands have been tied by petitioners' counsel, however, for he has chosen the fishing spot, and, having once again baited his hook with a red herring, he must go home with an empty creel. Decision will be entered for the respondent. Footnotes
1. We also doubt that the conclusions of fact and law alleged in petitioners' requests for admissions are the type of admissions that may be requested under Rule 36 of the Federal Rules. See also Bobby R. Casey, 60 T.C., and Clayton H. Smith, T. C. Memo 1973-78↩, decided this day by this Court, involving the same procedural issue here involved.