CLAYTON H. SMITH and DORIS J. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 1031-72.
United States Tax Court
T.C. Memo 1973-78; 1973 Tax Ct. Memo LEXIS 208; 32 T.C.M. (CCH) 352; T.C.M. (RIA) 73078; April 9, 1973, Filed *208 Dougal C. Pope, for the petitioners. James N. Mullen and Robert Jones, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income taxes in the amounts of $1,018.75, $200.10, and $267.73 for the years 1965, 1966, and 1968, respectively. Additionally, respondent determined that petitioners owed additons to tax in the amounts of $50.94, $10, and $13.39 for the same respective years, due to their negligence or intentional disregard of his rules and regulations with respect to income taxes. Sec. 6653(a). [1] 2 Since no concessions have been made by either party, all of the deficiencies and additions to tax are at issue. We are asked to decide whether petitioners are entitled to the following deductions claimed by them on their income tax returns: Disallowed deduction
1965
1966
1968 1. Depreciation
$1,616.22
$1,780.26
$249.09
2. Auto Maintenance
282.12
350.24
366.02
3. Insurance premiums
622.70
584.62
146.25
4. Utilities & telephone
84.20
146.07
---
5. Interest
4,149.53
1,041.40
1,160.30
6. Bad debts
489.84
710.16
490.36
7. Dental supplies
848.46
382.21
---
8. Capital gains
4,018.80
37.93
32.25
9. if Finance charge
---
28.55
---
*209 We also must decide if any part of the underpayment of tax was due to petitioners' negligence or intentional disregard of the Commissioner's rules and regulations. Clayton H. Smith and Doris J. Smith, husband and wife, filed joint income tax returns for the years 1965, 1966 and 1968, with the district director of internal revenue, Austin, Tex. Petitioners were residents of Shreveport, La., at the time they filed the petition herein. Petitioners received a notice of deficiency from respondent, dated November 24, 1971, in which he disallowed the deductions at issue herein. Subsequently, on February 11, 1972, petitioners filed a petition with this Court which contested the entire amounts of the deficiencies and additions to tax determined against them. The facts upon which petitioners based their petition were summary. 3 On March 14, 1972, respondent filed an abbreviated answer to the petition, which in effect was a general denial of the disputed facts surrounding the deficiencies. Petitioners' counsel, Dougal C. Pope, then made a request for admissions as to petitioners' correct taxable losses sustained in the years 1965, 1966, and 1968. The request was treated as *210 a motion and was denied by this Court on April 6, 1972. Thereafter, on August 24, 1972, petitioners' counsel submitted a second, much longer request for admissions. Respondent did not reply to this request for admissions but filed an objection with this Court. This request was treated as a motion, which was denied on October 11, 1972. The case proceeded to trial, which was held on December 4, 1972. At trial the only facts stipulated were petitioners' names, their address, and that they had filed joint returns for each of the years at issue. Additionally, petitioners' joint returns for 1965, 1966, and 1968 were received into evidence. Neither party, however, offered an oral arguments on the merits or introduced additional evidence. Both parties moved for judgment on the pleadings, and no briefs were filed in support thereof. This case turns on the identical procedural issue raised in two companion cases submitted to this Court 4 on the same day by petitoners' attorney. See Bobby R. Casey, 60 T.C., AND Julian T. Keith, T.C.Memo. 1973-77. The question is whether petitioners' request for admissions, if unanswered by respondent, may be deemed admitted facts *211 for purposes of deciding the substantive issues of the case. As we pointed out in the Casey opinion, that question is clearly and unquestionably answered in the negative by Gilbert C. McKenzie, 59 T.C. 139 (1972), on appeal (C.A. 5, Dec. 26, 1972). Thus, we are left to decide petitioners' case on a record barren of any evidence or stipulations relative to the substantive issues in this case. The rule is well established that respondent's determinations in the notice of deficiency bear a presumption of correctness, and the burden of proof is upon the petitioner to show his entitlement to deductions disallowed by respondent. Avery v. Commissioner, 22 F.2d 6 (C.A. 5, 1927); Wallis v. Commissioner, 357 F.2d 313 (C.A. 10, 1966). See also Rule 32, United States Tax Court Rules of Practice. Petitioners, having failed to provide any competent evidence to prove error in any of respondent's determinations, have failed to carry their burden of proof, and we must sustain respondent's determinations disallowing the deductions in issue. 5 Likewise, petitioners failed to refute respondent's position with regard to the section 6653(a) additions *212 to tax and we sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the 1954 Internal Revenue Code↩, as amended, unless designated otherwise.