JACK S. GRAFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graff v. Commissioner
Docket No. 5355-71.
United States Tax Court
T.C. Memo 1973-110; 1973 Tax Ct. Memo LEXIS 177; 32 T.C.M. (CCH) 494; T.C.M. (RIA) 73110; May 17, 1973, Filed Jack S. Graff, pro se. J. Leon Fetzer, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in the Federal income tax of petitioner for the taxable years 1968 and 1969 in the amounts of $3,702.62 and $1,291.19, respectively. Certain concessions having been made by the parties, the following issues are before the Court for decision: (1) Whether petitioner is entitled to an alimony deduction under section 215 [1] for amounts paid to his former wife in 1968. (2) Whether petitioner is entitled to a dependency exemption under section *179 151(e) in 1968 and 1969 for his half sister. (3) Whether petitioner is entitled to use the head of household rates under section 1(b) to compute his tax for the years 1968 and 1969. FINDINGS OF FACT The facts have been fully stipulated. The stipulations together with the exhibits attached thereto are incorporated herein by this reference. Jack S. Graff (hereinafter referred to as "petitioner") filed individual Federal income tax returns for the taxable years 1968 and 1969 with the district director of internal revenue, Chamblee, Georgia. Petitioner's legal residence at the time of filing the petition was Pensacola, Florida. Petitioner was divorced from his former wife, Ina Elizabeth Graff, on September 14, 1964. Consistent with the provisions of a decree of divorce entered by the Circuit Court of Escambia County, Florida, petitioner made support payments of $350 per month for 10 months in 1968 to his former wife and children. Respondent allowed petitioner dependency exemptions for each of his three minor children in 1968. During both 1968 and 1969, petitioner provided for over half the support of his half-sister, Kathie Sands (hereinafter sometimes referred to as *180 "Kathie"). Kathie had a gross income in excess of $600 for each of the years in question. OPINION The first issue before the Court involves the deductibility under section 215 [2] of certain payments totaling $3,500 made by petitioner to his former wife in 1968 pursuant to a decree of divorce entered by the Circuit Court of Escambia County, Florida. Petitioner claimed a deduction of $3,000 for such payments on his return for 1968. Respondent has determined that $2,125 of the total claimed constituted "child support." Since the petitioner presented no evidence and made no argument to the contrary, we must sustain the respondent on this issue. Welch v. Helvering, 290 U.S. 111 (1933); Wallis v. Commissioner, 357 F. 2d 313 (C.A. 10, 1966). Our decision is buttressed by the fact that petitioner claimed and was allowed dependency exemptions in 1968 for his three minor children. The payments petitioner made to his wife in 1968 might be characterized as child support or alimony. They cannot, however, be both. *181 The second issue involves petitioner's right to claim a dependency exemption under section 151(e) for his half sister, Kathie, in the taxable years 1968 and 1969. Section 151(e) provides, in pertinent part, as follows: (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. Petitioner is entitled to a dependency exemption under section 151(e) (1) (A) since Kathie had gross income in excess of $600 for each of the years in question. Nor is petitioner entitled to an exemption under section 151(e) (1) (B) since Kathie is not his "child" as defined in section 151(e) (3). [3]
*182 Petitioner, however, contends that the requirement of section 151(e) (1) (B) that the dependent must be a child of the taxpayer is an arbitrary classification and thus in violation of the fifth amendment. He argues that if it were not for such requirement he would be entitled to an exemption for his half sister. We find petitioner's contention to be without merit. Congress has not acted in an arbitrary or capricious manner in limiting the benefits of section 151(e) (1) (B) to parents. In considering a similar contention in Allen F. Labay, 55 T.C. 6, 14 (1970), affd. 450 F. 2d 280 (C.A. 5, 1971), we stated: * * * Deductions, including dependency exemptions, are allowed as a matter of legislative grace. New Colonial Co. v. Helvering, 292 U.S. 435 (1934). Congress has the power to condition, limit, or deny deductions in arriving at the net income it chooses to tax. Helvering v. Ind. Life Ins. Co., 292 U.S. 371 (1934). While the due process clause of the 5th amendment is applicable to Federal tax statutes, Heiner v. Donnan, 285 U.S. 312 (1932), Congress is given great leeway, and a Federal taxing provision is *183 not violative of the due process clause of the 5th amendment unless it classifies taxpayers in such a manner as to be arbitrary and capricious. Sections 151 and 152 provide reasonable classifications for dependency exemption deductions. * * * The remaining issue involves the right of petitioner to use the head of the household rates under section 1(b) to compute his tax for the years 1968 and 1969. Petitioner claims he maintained his household for his half sister during both 1968 and 1969. Section 1(b) provides, in pertinent part, as follows: (2) Definition of Head of Household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer * * *, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a *184 deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. In view of our decision above that petitioner is not entitled to a dependency exemption for Kathie, we are compelled to deny his right to use head of household rates for the years in question since his relationship to Kathie does not fall within any of the qualifying categories prescribed by either section 1(b) (2) (A) or (B). Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Sec. 215 provides as follows: (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
3. Sec. 151(e) (3) provides as follows: (3) Child defined. - For purposes of paragraph (1) (B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. ↩