RAYMOND J. VAN SKIVER and ALMA L. VAN SKIVER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Skiver v. Commissioner
Docket No. 4791-79.
United States Tax Court
T.C. Memo 1980-534; 1980 Tax Ct. Memo LEXIS 52; 41 T.C.M. (CCH) 466; T.C.M. (RIA) 80534; December 3, 1980, Filed Raymond J. Van Skiver, pro se. Robyn R. Jones, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1975 in the amount of $1,959.92. Due to alleged negligence or intentional disregard of rules and regulations, respondent imposed an addition to the tax of $97.98, under section 6653(a). [1]
Due to concessions made by respondent, the issues remaining for decision are: (1) Whether petitioners are liable for taxes on allegedly unreported income; (2) Whether petitioners are entitled to various deductions; (3) Whether petitioners are liable for an addition to tax under section 6653(a) for negligence and intentional disregard of rules and regulations for the year 1975. FINDINGS OF FACT Petitioners resided in Wichita, Kansas, at the time the petition in this case was filed. They timely filed their income tax return for the year 1975. During 1975 Raymond J. Van *54 Skiver (hereinafter the "petitioner") was employed as a school teacher. Petitioner also engaged in the business of farming and contracting houses during 1975. For this year petitioner claimed various deductions related to his employment and businesses. Other than petitioner's testimony at trial pertaining to deductions for political contributions and deductions which the respondent has conceded, petitioners offered no evidence in support of their case. Neither did petitioners submit a brief to the Court in this case. Petitioners expended $45.00 for road maintenance and $41.30 as a charitable contribution in 1975, which deductions have been conceded by respondent. Petitioners made a political contribution during the year in issue in the amount of $100.00. OPINION The first issue in this case involves the determination by respondent that petitioners received income from farming in the amount of $4,532.75 during 1975, rather than the $4,114.89 reported by petitioners. Respondent alleges that the additional $417.86 of income resulted from the sale of wheat in 1975, and that such amount was not reported on petitioners' return. Section 61 requires that all income derived *55 from business be reported as gross income. The burden of proof that adjustments set forth in a notice of deficiency are incorrect is on petitioners. Burnet v. Houston, 283 U.S. 223 (1931). Respondent's determination is presumed correct and petitioners have the burden to overcome that presumption. Welch v. Helvering, 290 U.S. 111 (1933); Wallis v. Commissioner, 357 F.2d 313 (10th Cir. 1966). Petitioners submitted neither testimony nor documentary evidence to contest the correctness of respondent's determination on this issue. Therefore, we uphold respondent's determination regarding the amount of income petitioners received in 1975. The next issue is whether petitioners are entitled to various deductions on their 1975 tax return. This issue is primarily one of substantiation. In order for this Court to reverse respondent's disallowance of these various deductions, petitioners must satisfy their burden of proving that they are entitled to the deductions at issue. Welch v. Helvering,supra; Rule 142, Tax Court Rules of Practice and Procedure. This they have failed to do. The following table itemizes *56 the various deductions claimed in petitioners' 1975 tax return, those allowed or conceded by respondent and those disallowed: Claimed
Amounts Allowed
Per
or Conceded by
Amounts
BUSINESS EXPENSES
Return
Respondent
Disallowed
Rents
$ 900.00
0
$ 900.00
Travel Expenses
500.00
0.
500.00
Road Maintenance
200.00
45.00
155.00
Weed Control
50.00
0
50.00
Insurance
248.00
0
248.00
Depreciation
142.00
0
142.00
FARM EXPENSES
Labor Hired
1,200.00
0
1,200.00
Seeds
1,112.36
12.36
1,100.00
Insurance
100.00
0
100.00
Utilities
75.00
0
75.00
Depreciation
3,550.00
974.00
2,576.00
LONG-TERM CAPITAL LOSS
CARRYOVER
1,000.00
500.00
500.00
EMPLOYEE BUSINESS
EXPENSE
1,502.67
0.h1,502.67
ITEMIZED DEDUCTIONS
Claimed
Allowed
Disallowed
Contributions
$3,992.98 [2]
$2,067.68
$1,925.30
Casualty Loss
550.00
0
550.00
Political Contributions
100.00
0.h100.00
Petitioners claimed deductions for expenses incurred in relation to a farm, construction *57 of a house, and petitioner's employment as a teacher. Section 162 allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year. Other than the $45.00 road maintenance expense which respondent conceded, petitioners have failed to furnish sufficient records or other evidence to substantiate that the expenses claimed are ordinary and necessary business expenses or that the amounts claimed as expenses were actually paid or incurred. Roberts v. Commissioner, 62 T.C. 834 (1974). They have failed to sustain their burden of proof and so the respondent's disallowance of these deductions must be upheld. Section 1212(b) permits the carryover of a capital loss from a prior taxable year if the entire amount of the capital loss has not been previously deducted. Petitioners have failed to sustain their burden of proof as to the amount of the capital loss, the year that the loss occurred, or the amounts previously deducted. Therefore, the long-term capital loss carryover deduction is disallowed. Section 170 permits a deduction for charitable contributions made during the taxable year and verified pursuant to regulations prescribed *58 by the Secretary of the Treasury. Section 1.170A-1, Income Tax Regs. Other than the $41.30 contribution deduction conceded by respondent, petitioners failed to substantiate the deductibility and/or the amounts of contributions claimed in excess of the $2,026.38 allowed in the notice of deficiency. Therefore, we sustain the respondent on this issue. Petitioners also have failed to sustain their burden of proof that certain losses claimed on the 1975 return resulted from a casualty which occurred in that year and/or the amount of the loss. Section 165(c)(3); section 1.165-7(b)(1), Income Tax Regs. Therefore, petitioners are not entitled to deduct any amount as a casualty loss. Since we have found as a fact that petitioners made a $100.00 political contribution during 1975, they are entitled to deduct this amount in computing taxable income for 1975. The remaining issue for determination is whether petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations for the year 1975. Respondent determined that petitioners were liable for this penalty on the ground that inadequate records and the exaggeration *59 of claims of deductions which are unsubstantiated by the facts are evidence of negligence. These are grounds for the assessmet of a negligence penalty. Gilman v. Commissioner, 72 T.C. 730 (1979). Respondent's determination is presumptively correct. Reily v. Commissioner, 53 T.C. 8 (1969). The burden of proof is on petitioners to prove that the negligence penalty has been imposed in error. Capodanno v. Commissioner, 69 T.C. 638 (1978). Petitioners have failed to satisfy their burden of proof. Accordingly, we find that based on the record in this case the section 6653(a) addition to tax is applicable to petitioners. To reflect the foregoing opinion and concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise specifically indicated herein.↩
2. Respondent disallowed $1,000 of this claimed amount due to a mathematical error by petitioners in computing the total amount of contributions.↩