GERALD D. BOOHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Booher v. Commissioner
Docket No. 41670-84.
United States Tax Court
T.C. Memo 1986-475; 1986 Tax Ct. Memo LEXIS 131; 52 T.C.M. (CCH) 637; T.C.M. (RIA) 86475; September 24, 1986. Gerald D. Booher, pro se. Kenneth A. Hochman, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated September 17, 1984, respondent determined a deficiency in petitioner's Federal income tax liabilities for 1973, 1974, and 1975, as follows: Year
Deficiencies
1973
$12,940  1974
3,674
1975
3,033
*132 Additions to tax under section 6653(b) [1] also were determined in the notice of deficiency. Respondent, however, now concedes those additions to tax and asserts additions to tax under section 6651(a)(1) and section 6653(a) for each of the years at issue. The issues for decision are: (1) Whether petitioner had expenses associated with his drywall business in excess of those allowed by respondent, and (2) whether the additions to tax should be sustained. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of filing the petition herein, petitioner resided in Cooper City, Florida. Prior to the summer of 1974, petitioner had resided in Ohio where he had been self-employed as a drywall contractor for approximately 30 years. Due to generally poor economic conditions and to slow business, petitioner filed for bankruptcy in 1973 while living in Ohio. As a result of the bankruptcy proceeding, petitioner lost his house and most of his personal assets. *133 Petitioner and his family moved to Florida in the summer of 1974. To attempt to earn a livelihood in Florida, petitioner again was self-employed as a drywall contractor. He continues in that trade through the present time. For years prior to 1973, petitioner filed Federal income tax returns which provided information concerning the income and expenses petitioner incurred in his business each year. For 1973, 1974, and 1975, petitioner filed documents on which he reported no financial information and merely claimed the Fifth Amendment. Petitioner now admits that in 1973, 1974, and 1975, he did subcontracting drywall work and that he received the following payments for his services in the amounts and from the companies or individuals indicated: 1973
Grisez Brothers, Inc.
$33,496.73
1974
BWR Construction
7,139.00
Alpe Land Co.
737.00
Charles B. James Builder
9,395.00
1975
BWR Construction
9,792.00
James Boatwright
4,723.00
Respondent has disallowed all business expenses petitioner claims in 1973, but respondent has allowed petitioner business expenses in 1974 and 1975 in the respective amounts of $4,126.00 and $2,767.00. In 1979 a *134 judgment of guilty was entered against petitioner in the United States District Court for the Southern District of Florida for violation of 26 U.S.C. section 7203 for 1974 and 1975. United States v. Gerald Booher, docket No. 79-6047. During respondent's audit and at the trial herein, petitioner submitted no books and records to substantiate his business expenses in any amount. At trial petitioner acknowledged that in 1973, 1974, and 1975, he had a number of drywall contracting jobs in addition to those indicated above. Also at trial, petitioner for the first time appears to acknowledge the frivolous nature of the protester-type objections he set forth on his tax returns and in his petition herein. (See Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), and Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983).) As stated, petitioner now contests only respondent's refusal to allow additional expenses and the additions to tax. Section 162 allows a deduction for business expenses actually incurred. The burden falls on the taxpayer to satisfy the Court that the alleged expenses in fact were incurred. Rule *135 142; Rushing v. Commissioner,214 F.2d 383 (5th Cir. 1954). Where records of expenses were not maintained or where they are no longer available and the taxpayer cannot otherwise substantiate the expenses, "the impossibility of proving a material fact upon which the right to relief depends, simply leaves the claimant [in a tax case], upon whom the burden rests with an unenforceable claim, a misfortune to be borne by him, as it must be borne in other cases, as the result of a failure of proof." Burnet v. Houston,283 U.S. 223, 228 (1931). Where the Court is satisfied that additional business expenses were incurred estimates thereof are allowed, keeping in mind that the "inexactitude is of [the taxpayer's] own making." Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). Although petitioner herein did incur business expenses in the performance of his drywall contracts, he has offered no documentation of the amounts thereof and very little on which we can base an estimate. Petitioner alleges that he incurred expenses associated with each drywall contract in the range of 85 percent of the gross payments received. His basis therefor *136 is that 15 percent is the normal profit margin realized within the industry for drywall contractors. Applying our best judgment to the facts of this case, we sustain respondent's adjustments entirely for 1974 and 1975. With regard to 1973, in which year respondent disallowed petitioner all business expenses against the $33,496.73 in income charged to petitioner, we allow petitioner additional business expenses of $9,000. See Cohan v. Commissioner,supra.
With regard to the additions to tax at issue herein under sections 6651(a)(1) and 6653(a), petitioner is collaterally estopped to deny his liability for those additions to tax for the years 1974 and 1975 as a result of his conviction for failure to file Federal income tax returns for 1974 and 1975. Kotmair v. Commissioner, 86 T.C.     (filed June 19, 1986). With regard to 1973, it is clear that petitioner also is liable for those additions to tax for 1973. We so hold. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩