Jan Lawrence Handzlik, Asst. U. S. Atty., for William D. Keller, U. S. Atty.

### ORDER ASSESSING PENALTY

Before CHAMBERS and WRIGHT, Circuit Judges, and EAST,* District Judge.

**James T. SHIOSAKI, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 71-1909.**

United States Court of Appeals,
Ninth Circuit.

March 14, 1973.

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

James T. Shiosaki, in pro per.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Stephen Schwartz, William M. Brown, Attys., Dept. of Justice, Washington, D.C., K. Martin Worthy, Chief Counsel, I.R.S., Washington, D.C., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

RICHARD H. CHAMBERS, Circuit Judge:

Shiosaki is an electrical engineer in Southern California. He has had and still has an urge to shoot craps at the Sands Hotel and other places in Las Vegas, Nevada. He seems to have had the same employer of his engineering talents for a good many years. Obviously he knows more of electricity than he knows of craps. He had large winnings in 1959, so he started to make a study of craps so that he might be more proficient and win more. But his studies have produced no apparent good results.

Since 1959 he has lost usually each year at the crap table. Doggedly he pursues this sideline, only eating up his savings, which are a fair portion of his earnings as an engineer. He has become no burden to his friends, family or banker.

In 1967, he reported winnings from some 12 trips to Las Vegas in the amount of $1300. Then he deducted $1300 as losses at the crap table, although his losses were substantially higher, in fact, $6,700 higher. The law is clear that $1300 would be all he could deduct from losses at the table. 26 U.S.C. § 165(d). But Shiosaki spent $1230 on travel and hotel expense, which for 1967 he took as a deduction. The commissioner and the tax court have disallowed this, resulting in a tax deficiency of about $400.

Shiosaki is obviously very serious and sincere. His testimony was uncontradicted. It reads as that of a gentleman. But the tax court has held that the $1230 could not be deducted as an ordinary and necessary expense paid for the production of income. It said it does not qualify under § 212(1) of the Internal Revenue Code of 1954.

There is no aspect of illegal gambling whatsoever in this case. (Even in legal gambling the normal rule is that losses are not deductible to a greater extent than profits.) Were the amount of $1230 to be found under § 212(1), the government would still disallow it because it would call it a gambling loss against the winnings, in this case already used up by losses at the table. We need not reach the latter question because we affirm the holding that the expense was not a "business" expense. The tax court listened to Shiosaki testify at length. It obviously concluded that the true motive of the trips was not predominantly to make a profit, despite Shiosaki's positive attestation that it was. We are in an area where we cannot revise the fact finder's finding.

Decision affirmed.