JAMES T. SHIOSAKI, PETITIONER *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 346–71, 8440–71, 4476–73.ᐧ Filed March 28, 1974.

James T. Shiosaki, pro se.
*Stephen B. Zorick, Jr.*, for the respondent.

### OPINION

SIMPSON, *Judge:* The respondent has made a timely motion for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure,[1] in these three cases, which all involve the same petitioner and the same issue.

The petitioner has been before this Court in a prior case, *James T. Shiosaki*, T.C. Memo. 1971–24. In that case, the petitioner had incurred certain expenses in traveling to Las Vegas for purposes of gambling in 1967, and he sought to deduct them under section 212(1) of the Internal Revenue Code of 1954.[2] The Court decided that such expenses were not deductible because it found as a fact that in incurring such expenses, the petitioner was not motivated by a bona fide profit-seeking purpose. Such decision was affirmed on appeal on the ground that the appellate court accepted the factual finding by this Court. *Shiosaki* v. *Commissioner*, 475 F. 2d 770 (C.A. 9, 1973), certiorari denied 414 U.S. 830 (1973).

In his Federal income tax returns for 1968, 1969, and 1971, the petitioner again sought to deduct his expenses of traveling to Las Vegas, and the respondent disallowed the deductions for each year. The petitioner filed timely petitions with this Court challenging the disallowance for each of such years. In his answer, the respondent, after denying certain allegations in the petition, affirmatively pleaded collateral estoppel; he alleged that the controlling facts and law for each such year were the same as in *James T. Shiosaki, supra*.

In support of his motion for summary judgment, the respondent argued that the facts were the same in 1968, 1969, and 1971 as in 1967 and that the petitioner is collaterally estopped from challenging the deficiencies determined for those years. At the hearing on the motion,

---

[1] All references to Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2] All statutory references are to the Internal Revenue Code of 1954.

the petitioner, who was acting without the assistance of counsel, expressed a desire to have a trial in these cases; he indicated a wish to attempt to convince a different judge that a different interpretation of the facts and law should be reached in his case.

Rule 121 provides:

(a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. * * *

(b) Motion and Proceedings Thereon: * * * A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case.

*       *       *       *       *       *       *

(d) Form of affidavits; Further Testimony; Defense Required: * * * When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise porvided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him.

Rule 121, like many other provisions of the Rules which became effective on January 1, 1974, corresponds to a provision of the Federal Rules of Civil Procedure, namely, rule 56 thereof. See the note to Rule 121, 60 T.C. 1127-1128 (1973). In any question turning on the interpretation of any such provision, the history of the corresponding provision of the FRCP and the authorities interpreting such provision will be considered and examined to determine whether similar conclusions are appropriate for proceedings in the Tax Court. Compare Rule 1(a), which provides:

'(a) Scope: These Rules govern the practice and procedure in all cases and proceedings in the United States Tax Court. Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand.

Summary judgment is a device used to expedite litigation; it is intended to avoid unnecessary and expensive trials of phantom factual questions. *Cox* v. *American Fidelity & Casualty Co.*, 249 F.2d 616 (C.A. 9, 1957); *Polly Chin Sugai* v. *General Motors Corporation*, 137 F.Supp. 696 (D. Idaho 1956). However, summary judgment is not a substitute for a trial; disputes over factual issues are not resolved in such proceedings. *Cox* v. *American Fidelity & Casualty Co., supra; Griffeth* v. *Utah Power & Light Co.*, 226 F.2d 661 (C.A. 9, 1955). In this respect, the trial judge's only function is to determine whether there are any factual questions to be tried. *Vickery* v. *Fisher Governor Co.*, 417 F.2d 466 (C.A. 9, 1969); *Byrnes* v. *Mutual Life Insurance Co.*

*of New York*, 217 F.2d 497 (C.A. 9, 1954), certiorari denied 348 U.S. 971 (1955); *Hoffman* v. *Babbitt Bros. Trading Co.*, 203 F.2d 636 (C.A. 9, 1953). A motion for summary judgment is granted when it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see rule 56, FRCP. Since the effect of granting a motion for summary judgment is to decide the case against a party without allowing him an opportunity for a trial, such motion should be "cautiously invoked" and only granted after a careful consideration of the case. *Associated Press* v. *United States*, 326 U.S. 1, 6 (1945); *Cox* v. *American Fidelity & Casualty Co.*, *supra*.

The burden is on the movant to show that there is no dispute about the facts of the case. *Adickes* v. *Kress & Co.*, 398 U.S. 144 (1970); *United States* v. *Perry*, 431 F. 2d 1020 (C.A. 9, 1970). In support of his motion, the respondent has shown that the petitioner deducted gambling expenses on his Federal income tax returns for the years 1968, 1969, and 1971. The respondent also attached to his motions letters from the petitioner in which he suggested expeditious consideration of his returns for 1969 and 1971 because they involved the same issue as in the case of *James T. Shiosaki*, T.C. Memo. 1971–24.

In the earlier case, the petitioner testified that "he hopes future gains will more than make up for past losses"; nevertheless, Commissioner Sacks, who heard such case, concluded on the basis of the entire record:

It is our opinion that petitioner has failed to show that in incurring expenses for trips to Las Vegas in 1967 to engage in gambling he was motivated by a bona fide profit seeking purpose. We have drawn this conclusion not from any determination that some hypothetical "reasonable man" faced with petitioner's consistent and continued losses could not expect a profit, but from a conviction that petitioner *himself*, were he not so inextricably caught up in the gambling game, could not expect, by reason of these sustained losses, to turn a profit.

On appeal, the appellate court said:

we affirm the holding that the expense was not a "business" expense. The tax court listened to Shiosaki testify at length. It obviously concluded that the true motive of the trips was not predominantly to make a profit, despite Shiosaki's positive attestation that it was. We are in an area where we cannot revise the fact finder's finding. [475 F.2d 770, 771 (C.A. 9, 1973).]

Thus, the holding in the earlier case was based on the factual conclusion as to the petitioner's purpose in making the trips to Las Vegas.

For collateral estoppel to apply, the Court must find that the facts in the decided case, as well as the law, are the same as those in the pending case. *Commissioner* v. *Sunnen*, 333 U.S. 591 (1948); *Estate of William G. Maguire*, 50 T.C. 130 (1968). Thus, collateral estoppel cannot be applied in these cases without first determining whether the same factual conclusion should be reached in the pending cases. Without a trial and an opportunity for the petitioner to present his evidence, no such factual conclusion can be reached in this case. Ordinarily, sum-

mary judgment should not be granted in a case in which intent is an issue. *Consolidated Electric Co.* v. *United States*, 355 F.2d 437 (C.A. 9, 1966). A conclusion as to the petitioner's intent should not be reached without the benefit of a trial in which his demeanor can be observed and his credibility can be weighed.

Moreover, the petitioner's letters requesting expeditious consideration of his returns for 1969 and 1971 were not intended to constitute admissions for purposes of this proceeding and should not be treated as such. See *Lovable Co.* v. *Honeywell, Inc.*, 431 F. 2d 668 (C.A. 5, 1970). In view of the respondent's complete failure to establish the absence of a factual issue, there was no burden on the petitioner to come forth with affidavits or other documentary evidence establishing the existence of a factual issue. *Adickes* v. *Kress & Co.*, *supra*; *First Nat. Bank* v. *Cities Service*, 391 U.S. 253 (1968). Nor do the petitioner's statements at the hearing constitute a concession that there is no factual issue. Although his statements were somewhat ambiguous, we must take into consideration the fact that he lacked legal counsel, and it was clear that he does desire another opportunity to convince the Court that he had a profit-seeking purpose in making his trips to Las Vegas to gamble. Cf. *Rushing* v. *Commissioner*, 214 F. 2d 383 (C.A. 5, 1954), affirming a Memorandum Opinion of this Court.

In conclusion, we find that there is a factual issue, namely, what was the petitioner's intent in 1968, 1969, and 1971, and accordingly, the respondent's motion for summary judgment will be denied.

*An appropriate order will be issued.*