ROGER L. MOSHER and CHALLISS M. MOSHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mosher v. Commissioner
Docket No. 5310-85.
United States Tax Court
T.C. Memo 1987-231; 1987 Tax Ct. Memo LEXIS 233; 53 T.C.M. (CCH) 764; T.C.M. (RIA) 87231; May 5, 1987. William J. Arnone, Jr., for the petitioners. Theodore J. Kletnick, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on petitioners' motion for summary judgment, filed August 15, 1985, pursuant to Rule 121. [1] Respondent opposed the motion by written response and a hearing was held on January 21, 1986, at a trial session of this Court in San Francisco, California. [2] At the conclusion of the hearing, *234 the motion was taken under advisement. Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1980 in the amount of $50,115. The issue to which this motion relates is whether petitioners' losses on dispositions in 1980 of commodities and financial futures straddles are deductible in the taxable year 1980. Petitioner Roger L. Mosher, an attorney and investor, has been involved in the purchase and sale of commodities futures contracts since 1978. During the taxable year 1980, petitioners entered into various transactions through E.F. Hutton & Company, Inc., involving commodities futures and government securities futures. As a result of these transactions, petitioners claimed a short-term capital loss of $201,900 on their 1980 Federal income tax return. In his statutory notice of deficiency, respondent disallowed the claimed losses for 1980. The reasons stated for the disallowance of the losses were as follows: It is determined that *235 the gains and losses claimed by you in 1980 with respect to commodity straddle transactions cannot be recognized because you have not established that the gains and losses occurred or occurred in the manner claimed. The transactions at issue were either shams or devoid of the substance necessary for recognition for federal income tax purposes. Recognition of the claimed loss in 1980 could distort the economic reality of the entire transaction. No genuine loss occurred, the alleged loss was but one step in a series of integrated transactions, and the entire transaction lacked economic reality. Further, your accounting method, with respect to your straddle transactions, has been changed in order to clearly reflect income pursuant to Internal Revenue Code Section 446. Therefore, your claimed loss is disallowed. Additionally, the loss claimed in 1980 is disallowed because of lack of any profit motive with respect to the straddle transactions. [3]
* * * In their motion for summary *236 judgment, petitioners allege that there are no genuine issues of fact and that a holding in their favor is appropriate. Specifically, petitioners argue that section 108 of the Tax Reform Act of 1984 (section 108), [4] as interpreted by Miller v. Commissioner,84 T.C. 827 (1985), on appeal (10th Cir. Nov. 20, 1985), precludes respondent from arguing that the transactions which gave rise to petitioners' claimed losses lacked economic reality or the requisite profit motive and were therefore sham transactions. [5] They contend that in the Miller case this Court held that the test under section 108 is an objective test, dependent only on the nature of the transaction, and that the transactions in this case are not in dispute.[6] Thus, petitioners assert that the applicable test is clear that in the case of tax straddle transactions there is a reasonable prospect of profit when the straddle is acquired and because they had a reasonable prospect of profit when they entered the transactions at issue here, they are therefore entitled to summary judgment as a matter of law. *237 In his response to petitioners' motion for summary judgment, respondent argues that summary judgment is inappropriate because (1) the issue which petitioners address -- whether the transaction was entered into for a profit -- is inherently factual and there exists a genuine issue of material fact requiring extensive trial testimony, both transactional and expert; (2) the straddle transactions at issue involved underlying commodities futures different from those in the cases relied upon by petitioners; (3) petitioners' affidavits have failed to meet the requirements of Rule 121(d) in that they do not set forth the facts upon which petitioners base their conclusions that the relevant transctions were entered into with a profit motive and that the transactions were genuine; and (4) that petitioners have not established that the transactions at issue were executed at arm's length in the manner portrayed in the statements attached to their declaration and therefore have not addressed the threshold issue of whether the transactions at issue were shams. A motion for summary judgment may be granted when the moving party shows that there is no genuine issue as to any material fact and that *238 a decision may be rendered as a matter of law. Rule 121(b); Shiosaki v. Commissioner,61 T.C. 861, 863 (1974). The pleadings, affidavits and exhibits attached thereto constitute the record for the purpose of ruling on this motion. The facts and inferences to be drawn therefrom are viewed in the light most favorable to the party opposing the motion. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Jacklin v. Commissioner,79 T.C. 340, 344 (1982). We conclude that petitioners' motion for summary judgment in this case must be denied because petitioners have not met their burden of showing that there are no genuine issues of material fact. First, petitioners' reading of Miller and subsequent cases is overly broad. Contrary to petitioners' belief, Miller did not establish a per se rule that in straddle transactions there is a reasonable prospect of profit when the straddle is acquired merely because the possibility of profit being made on any particular transaction cannot be excluded due to the lack of control over the commodities market. It is true that this Court, in holding that section 108 adopted an objective test *239 with respect to profit motive analysis in straddle transactions also determined that section 108 "directs that losses be allowed on the disposition of a position if that particular straddle transaction can be said to have held 'a reasonable prospect of any profit' * * *." Miller v. Commissioner,84 T.C. at 842. As is relevant to the case at bar, however, this Court emphasized that "whether or not the prospect of any profit is reasonable is tested on a facts and circumstances basis in the context of the futures market for the particular commodity at the time the trades are made." [7]Miller v. Commissioner,84 T.C. at 844. Moreover, in that case, we relied on expert testimony and other evidence to establish whether or not there was a reasonable prospect of profit. Petitioners' affidavits herein contain bald assertions but do not set forth facts or evidence establishing that the straddle transactions at issue had a reasonable prospect of profit. Their statements in support of their motion contain no analysis or quantification of risk and prospect potential or other helpful *240 facts which would lead us to conclude that petitioners had a reasonable prospect of profit when entering the transactions. Mere assertions by petitioners that the facts in this case satisfy each of the requirements for the application of section 108 as interpreted by Miller are insufficient to support their motion for summary judgment. Secondly, we must point out that the Tax Reform Act of 1986 made several changes affecting the scope and interpretation of section 108. Section 1808(d) of the Tax Reform Act of 1986 amended section 108 of the Tax Reform Act of 1984 as follows: (d) Section 108. -- Section 108 of the Tax Reform Act of 1984 is amended -- (1) by striking out "if such position is part of a transaction entered into for profit" and inserting in lieu thereof "if such loss is incurred in a trade or business, or if such loss is incurred in a transaction entered into for profit though not connected with a trade or business," (2) by striking out subsection (b) and inserting in lieu thereof the following: "(b) LOSS INCURRED IN A TRADE OR BUSINESS. -- For purposes of subsection (a), any loss incurred by a commodities dealer in the trading or commodities shall be treated *241 as a loss incurred in a trade or business." In Glass v. Commissioner,87 T.C. 1087 (1986), this Court provided a comprehensive review of section 108 as amended by the Tax Reform Act of 1986, including an analysis of its effect on straddle transactions, as well as a summarization of the corresponding legislative history. We emphasized therein that the investor language [of section 108] parallels the section 165(c)(2) language which we construed in Smith [78 T.C. 350 (1982)] and Fox [82 T.C. 1001 (1984)], and (except as to commodities dealers) we think the effect of amended section 108 is to revalidate our holdings in those cases. 87 T.C. at 1167. Like the situation in Glass, the case before us does not involve commodity dealers.[8] Therefore, as investors, petitioners herein must meet the test of loss incurred in a transaction entered into for profit. Glass v. Commissioner,supra at 1167. The question of whether a transaction is entered into for profit is an inherently factual one. See, e.g., Golanty v. Commissioner,72 T.C. 411, 426 (1979), affd. without published *242 opinion 647 F.2d 170 (9th Cir. 1981). Petitioners' affidavits have failed to set forth facts establishing that the relevant transactions were entered into with a profit motive pursuant to the standards of section 165(c)(2) of the Internal Revenue Code. In view of the inherent factual issues raised herein, we conclude that resolution of this proceeding by summary judgment is inappropriate. [9] Petitioners' motion will be denied. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. At the hearing petitioners filed a statement in support of their motion pursuant to Rule 50(c).↩
3. In his notice of deficiency respondent also increased the allowable amount of petitioners' investment tax credit and increased the amount of alternative minimum tax due.↩
4. Section 108 of the Tax Reform Act of 1984 (Division A of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 630) provided, in part: SEC. 108. TREATMENT OF CERTAIN LOSSES ON STRADDLES ENTERED INTO BEFORE EFFECTIVE DATE OF ECONOMIC RECOVERY TAX ACT OF 1981. (a) GENERAL RULE. -- For purposes of the Internal Revenue Code of 1954, in the case of any disposition of 1 or more positions -- (1) which were entered into before 1982 and form part of a straddle, and (2) to which the amendments made by title V of the Economic Recovery Tax Act of 1981 do not apply, any loss from such disposition shall be allowed for the taxable year of the disposition if such position is part of a transaction entered into for profit. (b) PRESUMPTION THAT TRANSACTION ENTERED INTO FOR PROFIT. -- For purposes of subsection (a), any position held by a commodities dealer or any person regularly engaged in investing in regulated futures contracts shall be rebuttably presumed to be part of a transaction entered into for profit.↩
5. Petitioners also cite Landreth v. Commissioner,T.C. Memo. 1985-413, on appeal (9th Cir., Oct. 7, 1986), and Kurtz v. Commissioner,T.C. Memo. 1985-410↩, on appeal (10th Cir., Jan. 3, 1986), in support of their motion for summary judgment.
6. Petitioners disagree with respondent's contention that the presumption established in section 108(b) does not apply in this case. However, petitioners' motion is not predicated on the presumption, but is focused on the state of the record before us, which petitioners argue establishes a reasonable prospect of profit. See also Miller v. Commissioner,84 T.C. 827, 839 n. 22 (1985), on appeal (10th Cir. Nov. 20, 1985). This presumption was fully discussed in Perlin v. Commissioner,86 T.C. 388 (1986). It should be noted, however, that new section 108(b) eliminates the rebuttable presumption and substitutes a per se rule that any loss incurred by a commodities dealer in the trading of commodities shall be treated as a loss incurred in a trade or business. Section 1808(d), Tax Reform Act of 1986, Pub.L. 99-514, 100 Stat. 2817. See discussion infra at note 9. Because the rebuttable presumption has been totally eliminated, it is no longer available to investors. Glass v. Commissioner,87 T.C. 1087, 1166↩ (1986).
7. Accord, Landreth v. Commissioner,supra,↩ note 5.
8. The amendments to section 108 now provide that any loss incurred by commodities dealers in the the trading of commodities is deductible without regard to the existence of a profit motive. King v. Commissioner,87 T.C. 1213, 1218 (1986); Glass v. Commissioner,supra↩ at 1166-1167.
9. Because we have determined that the question of profit motive is a factual one, thus defeating petitioners' motion for summary judgment, we need not address respondent's alternative arguments. They may be raised at trial.↩