DAVID ROSBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosberg v. Commissioner
Docket No. 12328-87.
United States Tax Court
T.C. Memo 1988-267; 1988 Tax Ct. Memo LEXIS 300; 55 T.C.M. (CCH) 1114; T.C.M. (RIA) 88267; June 22, 1988. Montie S. Day, for the petitioner. Eric P. Doerring, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This matter is before us at this time on petitioner's motion for summary judgment to the effect that the assessment of the deficiencies in and additions to tax determined by respondent is barred by the statute of limitations. In a notice of deficiency mailed to petitioner on February 10, 1987, respondent *301 determined deficiencies in and additions to his income taxes as follows: ADDITIONS TO TAX
YEAR
DEFICIENCY
Section 6653(a)
Section 6653(a)(2) [1]
1980
$ 13,125
$   656
---
1981
26,627
1,331
50% of interest on
underpayment of
$ 26,627
The above deficiencies are based in substantial part upon respondent's determination that petitioner failed to report gross income of $ 34,576 in 1980 and $ 66,341 in 1981 from his antique business as reflected by respondent's reconstruction of petitioner's gross income by use of the method known as the source and application of funds. In the petitioner, the amount of unreported sales determined by respondent are disputed by petitioner. He also claims that the assessment of any deficiency is barred by the statute of limitations. In his answer respondent set forth the following facts upon which he relies to carry his burden of proof with respect to the statute of limitations: [T]he income taxes due from the petitioner are not barred from assessment *302 and collection by the statute of limitations and may be timely assessed pursuant to the provisions of I.R.C. 6501(e)(1)(A), in support of which the respondent alleges as follows: (a) The petitioner's income tax returns for the taxable years 1980 and 1981 were filed on June 1, 1981 and on or about May 1, 1982, respectively. (b) The amount of gross income stated in the income tax returns filed by petitioner for the taxable years 1980 and 1981 consists of a total of $ 131,282.00 and $ 186,029.00, respectively, as follows: 1980
Gross Receipts -- Schedule C
$ 100,316.00
Capital Gain
27,841.00
Gross Rents
3,125.00
Gross Income Reported
$ 131,282.00
1981
Gross Receipts -- Schedule C
$ 173,729.00
Wages
12,300.00
Gross Income Reported
$ 186,029.00
(c) During the taxable years 1980 and 1981, petitioner received additional income of $ 34,576.00 and $ 66,341.00, respectively as determined by use of the source and application of funds method, * * *. Said amounts of additional income were not included in the gross income stated in the returns filed by petitioner for said years, and there was not disclosed on said returns *303 or in statements attached thereto the fact that such amounts were received during said years. (d) Petitioner during the taxable years 1980 and 1981 did not borrow or receive from nontaxable sources any funds, or other assets, not properly taken into account by the respondent which would cause or account for the additional income as set forth in paragraph 7(c) above. * * * (f) The $ 34,576.00 and $ 66,341.00 of gross income which petitioner received and which were omitted from the income tax returns filed by petitioner for the taxable years 1980 and 1981, respectively, are in excess of 25 percent of the gross income reported in said returns, respectively. (g) The statutory notice of deficiency setting forth the respondent's determination of the petitioner's deficiencies for the taxable years 1980 and 1981 was timely sent to the petitioner by certified mail on February 10, 1987, which date was prior to the expiration of the six-year period for assessment applicable under I.R.C. 6501(e)(1)(A). In support of his motion, petitioner contends that the six year period of limitations provided by section 6501(e)(1)(A) is not applicable and that the three year *304 period of limitations provided by section 6501(a) had obviously expired before the deficiency notice was issued. Petitioner's motion is accompanied by affidavits by himself and by two former associates in his business, Janine Calvert and Jack Francis. Each of the affidavits state that during the years at issue 20 to 30 percent of petitioner's total antique sales were from consignments on which petitioner received only a 10 percent commission. Petitioner contends that if respondent's computation of his sales is adjusted for the consignments the computation will no longer reflect a 25 percent understatement in his gross income and consequently the six year statute of limitations is not applicable and the deficiency notice is untimely. Respondent contends that petitioner has failed to show that there are no genuine issues of material fact and, therefore, summary judgment is inappropriate. Under Rule 121(b) a summary judgment may be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that decision may be rendered as *305 a matter of law." The burden of proving that there is no genuine issue of material fact is on the moving party, and any factual inferences will be drawn in a manner most favorable to the party opposing the summary judgment. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The statute of limitations upon which respondent relies is set forth in section 6501(e)(1)(A). It provides that "If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed * * * at any time within 6 years after the return was filed." In a business such as petitioner's "gross income" means the total of the amounts received from the sale of goods required to be shown on the return prior to any diminution for the cost of such sales. Section 6501(e)(1)(A)(i). Respondent determined that petitioner omitted gross income of $ 34,576 in 1980 and $ 66,341 in 1981. Petitioner claims that the omissions determined by respondent were actually consignment sales on which he was entitled to keep only 10 percent *306 as a commission and consequently his gross income was only understated by the amount of the commissions. Clearly, the nature and amount of the understatement of petitioner's gross income are material questions of fact; and in spite of petitioner's argument to the contrary, the affidavits provided by petitioner do not resolve these issues. With these material factual issues still in dispute, summary judgment is not appropriate and should not be used as a substitute for trial. See Espinoza v. Commissioner, supra.Respondent is entitled to attempt to carry his burden of proving that petitioner omitted in excess of 25 percent of his gross income from the 1980 and 1981 returns. Furthermore, we have considered but cannot adopt petitioner's argument that he is entitled to summary judgment because respondent has failed to submit affidavits or other evidence showing the existence of a genuine issue of fact because the party opposing a motion for summary judgment need not come forth with affidavits or other documentary evidence unless the moving party has made a prima facie showing of the absence of a material factual issue. Abramo v. Commissioner,78 T.C. 154, 163-164 (1982); *307 Shiosaki v. Commissioner,61 T.C. 861, 864 (1974). See also C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure: Civil, sec. 2727 (2d ed. 1983). Petitioner has failed to make such a showing and his motion will be denied. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue. ↩