MARION G. COOPER and JUDITH A. COOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 28745-88
United States Tax Court
T.C. Memo 1989-456; 1989 Tax Ct. Memo LEXIS 456; 57 T.C.M. (CCH) 1402; T.C.M. (RIA) 89456; August 28, 1989
*456 Marion G. Cooper and Judith A. Cooper, pro se. Mike Jorgensen, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This case is before us on respondent's motion for summary judgment filed May 8, 1989. Because genuine issues remain as to material facts, as shown below, respondent's motion will be denied. In his statutory notice respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
§ 6653(b) [1]
§ 6653(b)(1)
§ 6653(b)(2)
§ 6661
1981
$  1,057.00
$ 529.00
-0-
-0-
-0-
1982
25,093.00
-0-
$ 12,547.00 *
$ 6,273.00
1983
3,260.00
-0-
1,630.00 *
-0-
The issues are: (1) Whether petitioners failed to report embezzlement income in the respective amounts of $ 6,296.21, $ 66,555.97, and $ 48,154.99 for 1981, 1982, and 1983; (2) Whether petitioner-husband is an innocent spouse; and (3) *457 Whether petitioners are liable for the fraud addition. FINDINGS OF FACT In unnumbered paragraphs 1-4 of their petition, petitioners disputed the deficiencies and additions to tax. Petitioners' allegations in unnumbered paragraphs 5-12 are summarized as follows: (1) Respondent grossly overstated the amounts misappropriated by Judith A. Cooper (Mrs. Cooper). The employer lied to I.R.S. to cover its own wrongdoing. Mrs. Cooper did not take more than $ 35,000.00; (2) Mr. Cooper is an innocent spouse. He was unaware of Mrs. Cooper's illegal activity. Mr. and Mrs. Cooper are no longer living together; and (3) An antique doll collection, accumulated over five years, was auctioned off to repay Mrs. Cooper's employer, and about $ 36,000 was realized. The employer was also reimbursed $ 50,000 by insurance. After receiving the money the employer reneged on a promise not to prosecute Mrs. Cooper. In his answer respondent admitted paragraphs 1-4 of the petition (with additional allegations). He denied petitioner's allegations in paragraphs 5-12 (summarized above) "for lack of sufficient information and knowledge." Respondent then affirmatively alleged in sub-paragraphs (a) *458 - (w) a number of facts, most of which were not mentioned in the petition, and which are uncontested. However, sub-paragraph (q) of the answer alleges as follows: "The petitioners omitted reporting $ 6,296.21, $ 66,555.97, and $ 48,154.99 of misappropriated funds on their tax returns for the years in question, respectively." This allegation directly contradicts unnumbered paragraphs 6, 8, 9, and 10 of the petition; moreover, it conflicts with respondent's own answer to those paragraphs, which denied them "for lack of sufficient information and knowledge." Petitioner's innocent spouse claim was contained in unnumbered paragraph 7 of the petition, which respondent also denied for lack of information. On February 27, 1989 respondent filed a motion for an order that the undenied affirmative allegations in the answer be deemed admitted. A notice of filing was served on petitioners February 28, 1989 and they were given until March 20, 1989 to respond. When they did not respond, respondent's motion that undenied allegations as set forth in subparagraphs (a) through (w) of the answer be deemed admitted was granted on April 3, 1989. After further consideration of all the pleadings *459 filed in this case, and taking into account the fact that petitioners are pro se, we believe it is in the interests of justice to vacate our order of April 3, 1989, only to the extent that petitioners are relieved from admitting the allegations contained in subparagraph (q) of the affirmative allegations contained in the Answer. Subparagraph (q) will be treated as denied. Based upon the remaining undenied allegations and taking all the pleadings into consideration, we find the following facts are not in dispute: Mr. and Mrs. Cooper resided in Melbourne, Florida, when they filed their petition. They filed joint Federal income tax returns during the years in issue. During the years in question, Mr. Cooper worked as a factory worker and painter in the Ohio area. Mrs. Cooper was a cashier for B & B Food Market, Inc. (B & B) in the West Milton, Ohio area. During 1981, 1982 and 1983 Mrs. Cooper misappropriated money from B & B. She did this by ringing up "sales" in an amount lower than the actual price of the item, and pocketing the difference. The money was used to pay bills and to buy antique dolls and toys. B & B's owners, Edward and Virginia Brinkel, discovered the misappropriation *460 in 1983 when they noticed a discrepancy between the register tapes and the "booth sheets." To avoid criminal prosecution petitioners forfeited their antique doll collection to the Brinkels. On December 5, 1983 the collection was auctioned for no less than $ 32,577.50 (respondent's figure) and no more than $ 36,000.00 (petitioners' contention). Net proceeds of approximately $ 20,600.00 were applied to reduce B & B's losses. Despite the forfeiture, Mrs. Cooper was prosecuted. She pled guilty to a third degree felony for grand theft (taking money from an employer) over $ 5,000 and was sentenced to one year in the state prison in Columbus, Ohio. Petitioners had at least two bank accounts: One at Miami Citizens Bank (now known as Fifth-Third Citizens Heritage Bank) in Piqua, Ohio, and Bank One in Fairborne, Ohio. Petitioners did not deposit all income, but only enough to cover some bills and personal living expenses. For 1981 and 1982 petitioners used H & R Block to prepare their tax returns. Petitioners prepared their own returns for 1983. Petitioners did not tell H & R Block about the misappropriated funds for 1981 and 1982. Petitioners reported their wage income on their *461 1981 through 1983 returns. They did not report the embezzled income. Neither did petitioners claim a deduction for the restitution paid in 1983 by way of the forfeited doll collection. Mr. Cooper had an examination conference on April 10, 1985 with respondent's Revenue Agent Rick Montgomery, regarding his sources of income during 1981, 1982, and 1983. When asked whether petitioners had any sources of income other than wages, Mr. Cooper responded, "No." Agent Montgomery asked Mr. Cooper whether petitioners reported all of their income during the years in question. Mr. Cooper said, "All that I am aware of." Agent Montgomery asked Mr. Cooper if petitioner received embezzlement income from B & B during the years in question. Mr. Cooper told the agent to contact petitioners' attorney. [2]
*462 OPINION Summary judgment pursuant to Rule 121 corresponds to Rule 56 of the Federal Rules of Civil Procedure and constitutes a procedural device designed to expedite the litigation process. Shiosaki v. Commissioner, 61 T.C. 861 (1974). See the Note to Rule 121, 60 T.C. 1127-1128 (1973). This device, however, is not intended to serve as a substitute for a trial on the merits. The effect of granting such a motion is to decide the controversy against the non-moving party without a trial. Therefore, "such motion should be 'cautiously invoked' and only granted after a careful consideration of the case." Shiosaki v. Commissioner, supra at 863. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials and the inferences drawn from such materials must be considered in a light most favorable to the party opposing the motion. Heyman v. Commerce and Industry Insurance Co., 524 F.2d 1317 (2d Cir. 1975); *463 Gauntt v. Commissioner, 82 T.C. 96 (1984). Respondent, as the moving party, has the burden of demonstrating that no genuine issue exists as to any material fact, and that he is entitled to a judgment as a matter of law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Gulfstream Land and Development Corp. v. Commissioner, 71 T.C. 587, 596 (1979). This Court has held that it will deny a motion for summary judgment if there is any reasonable doubt as to the facts at issue. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). Applying these standards to the facts in this record and in a manner most favorable to petitioners, we conclude that genuine issues of material fact remain with respect to: (1) The amounts of embezzlement income for each of the years in issue; (2) The amount of the deduction for the repayment from the doll auction in 1983; (3) Whether Mr. Cooper is an innocent spouse for any or all of the years in issue; and (4) Whether either Mr. or Mrs. Cooper committed fraud for any or all of the years in issue. Respondent's motion for summary judgment is therefore denied. An appropriate order *464 will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended, and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of interest due on the deficiency.↩
2. Respondent has also alleged, and petitioners have not denied, that petitioners purchased and sold antique dolls and toys at flea markets, failed to tell H & R Block about money received therefrom, and omitted such sums from their returns. Since no item on the statutory notice is attributable to the market income, and since respondent does not allege petitioners actually received taxable income in any amount from this source, we fail to see the materiality of these allegations.↩