FRANKLIN JOSEPH CRISTIANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cristiano v. Commissioner
Docket No. 18821-90
United States Tax Court
T.C. Memo 1994-47; 1994 Tax Ct. Memo LEXIS 49; 67 T.C.M. (CCH) 2121; February 7, 1994, Filed *49 An appropriate order granting respondent's motion for partial summary judgment will be issued. Franklin Joseph Cristiano, pro se. For respondent: Mary E. Pierce. LARO
LARO
MEMORANDUM OPINION LARO, Judge: Respondent moves pursuant to Rule 121 [1] for an order granting partial summary judgment in her favor on the issues of whether petitioner is taxable on certain unreported gross receipts and whether petitioner is liable for additions to tax under section 6653(b) for his 1979, 1980, and 1981 taxable years. Respondent contends that there is no issue of material fact to be resolved, and, accordingly, she is entitled to a decision in her favor as a matter of law. As explained below, we agree with respondent and will grant her motion for partial summary judgment. This case is before the Court pursuant to a petition filed by Franklin Joseph Cristiano (petitioner) *50 for a redetermination of respondent's determination reflected in her notice of deficiency dated May 23, 1990. In her notice of deficiency, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: [2]
Additions to Tax
Sec.
Sec. Sec.
Sec.
Sec. Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6653(b) 6654(a)
1979
$ 38,414 $ 19,207
$ 1,598
1980
28,408
14,204
1,810
1981
53,741
26,871
4,079
1982
14,760
$ 3,690 $ 738  [1]
1,438
1983
11,131
2,783
557
[1]
681
1984
107,913
26,978
5,396
[1]
6,785
1985
8,031
2,008
402
[1]
460
Petitioner filed his petition on August 21, 1990; at that time, he resided in Rochester, Minnesota. In his petition, petitioner disputed all of the deficiencies and the total dollar amount of additions to tax for each year, stating the basis of his disagreement as follows: "When calculating tax deficiency, the IRS did not take into account any deductions or exemptions at all although all of the information was readily available." The petition was served on respondent *51 on August 28, 1990. Respondent's answer to the petition contained several affirmative allegations. Petitioner did not respond to the answer, and on January 25, 1991, respondent moved for entry of an order under Rule 37(c) deeming admitted undenied allegations in the answer. On April 16, 1991, we granted respondent's motion. [3] See Rule 37(c); Doncaster v. Commissioner, 77 T.C. 334 (1981). *52 On June 16, 1992, respondent served on petitioner a request for admissions. Petitioner did not respond to this request. Accordingly, pursuant to Rule 90, each of the facts set forth in respondent's request for admissions is deemed admitted. The affirmative allegations in the answer that were deemed admitted pursuant to our order and the facts that were deemed admitted pursuant to Rule 90 are as follows. During each of the taxable years 1979, 1980, and 1981, petitioner was a self-employed investment and tax planner. In this capacity, petitioner promoted investments in: *53 (1) A lithograph tax shelter, Pacquette Fine Arts; (2) campgrounds; and (3) mobile homes. Petitioner assisted the purchasers of these investments in preparing Federal income tax returns reporting the financial losses allegedly incurred by the investors. Petitioner did not file Federal income tax returns for his 1979 through 1981 taxable years. Petitioner also did not maintain books and records for those years. During the 1979 through 1981 taxable years, petitioner earned gross income from his investment planning and tax planning activities of $ 85,485, $ 59,665, and $ 98,217, respectively. Petitioner understated his taxable income for the 1979, 1980, and 1981 taxable years in the amounts of $ 74,680, $ 58,665, and $ 97,217, respectively. [4] Petitioner understated his income tax liabilities for the 1979, 1980, and 1981 taxable years in the amounts of $ 38,414, $ 28,408, and $ 53,741, respectively. *54 Petitioner advised clients that it was "easy to beat the government" and that the Internal Revenue Service would not "catch up" with petitioner. Petitioner regularly backdated documents associated with investments sold to clients. Petitioner received payment for some of his services in cash. Petitioner concealed income from his activities by maintaining over 100 bank accounts among which he regularly transferred moneys. In December 1981, petitioner opened a bank account using a false address. Petitioner fraudulently intended to evade taxes by not filing Federal income tax returns for the 1979 through 1981 taxable years; concealing his assets; not maintaining books and records; dealing in cash; and making misleading and inaccurate statements about the Internal Revenue Service. Petitioner did not file Federal income tax returns for his 1982 through 1985 taxable years. In 1982, petitioner received certain taxable interest totaling $ 48; certain nonemployee compensation totaling $ 7,783; and certain other taxable income totaling $ 28,021.20. In 1983, petitioner received certain nonemployee compensation totaling $ 33,857, and certain other taxable income totaling $ 1,000. In *55 1984, petitioner received certain nonemployee compensation totaling $ 141,987.35; certain other taxable income totaling $ 40,426; and a portion of a finder's fee, totaling $ 10,000. The remainder of the finder's fee, $ 40,000, was paid to Diversified Services, a business wholly owned by petitioner. The $ 50,000 is taxable income to petitioner. In 1985, petitioner received certain taxable interest totaling $ 55; a certain taxable dividend totaling $ 1; nonemployee compensation totaling $ 3,963.03; and certain other taxable income totaling $ 23,250. [5]
On April 10, 1986, petitioner was indicted on 12 counts of aiding and assisting in the preparation of false Federal income tax returns, see sec. 7206(2); 3 counts of failure to file Federal income tax returns, see sec. 7203; and 1 count of wire fraud, see 18 U.S.C. sec. 1343 *56 (1988). On September 19, 1988, petitioner, after pleading guilty, was sentenced on two counts of violating section 7206(2) and one count of violating section 7203 for the 1980 taxable year. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974); Richman v. Commissioner, T.C. Memo. 1993-391. A decision on the merits of a taxpayer's claim may be made via summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Because summary judgment decides against a party before trial, we grant such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met all of the requirements for summary judgment. Associated Press v. United States, 326 U.S. 1, 6 (1945); *57 Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The Court will not resolve disagreements over material factual issues in a summary judgment proceeding. Espinoza v. Commissioner, supra at 416; Furniture Marketing Specialists, Inc. v. Commissioner, T.C. Memo. 1993-501. The burden of proving that there is no genuine issue of material fact is on the moving party, and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390; Richman v. Commissioner, supra.A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright et al., Federal Practice and Procedure, sec. 2725 at 93 (2d ed. 1983). Except with respect to respondent's allegations of fraud, petitioner bears the burden of proving that respondent's determinations set forth in the notice of deficiency are incorrect. Rule 142(a) and (b); Welch v. Helvering, 290 U.S. 111, 115 (1933). *58 Respondent must prove by clear and convincing evidence that petitioner is liable for an addition to tax for fraud. Sec. 7454(a); Rule 142(b). The undisputed facts of this case establish that in each of the years in issue petitioner received taxable gross receipts he did not report as follows: Year
Gross Income
1979
$ 85,485 1980
59,665
1981
98,217
1982
36,852
1983
34,857
1984
232,413
1985
27,269
The facts further establish that petitioner failed to pay tax he owed for his 1979, 1980, and 1981 taxable years in the amounts of $ 38,414, $ 28,408, and $ 53,741, respectively. Based on the deemed admissions discussed above, we conclude that there is no genuine issue of material fact left to be resolved with respect to: (1) petitioner's tax liability for his 1979, 1980, and 1981 taxable years and (2) petitioner's taxable gross receipts for his 1982 through 1985 taxable years. Petitioner will have an opportunity at trial to prove the amount, if any, of itemized deductions he is entitled to for his 1982 through 1985 taxable years. Turning to respondent's allegations of fraud, respondent must meet her burden of proving fraud through affirmative evidence; fraud is never *59 imputed or presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Whether fraud exists in a given situation is a factual determination that must be made after reviewing the particular facts and circumstances of the case. DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Respondent must show clearly that petitioner intended to evade a tax known or believed to be owing. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968). Respondent must also prove that petitioner underpaid his taxes in each year in issue, and that some part of each underpayment was due to fraud, in order to sustain her allegations of fraud under section 6653(b). [6] Secs. 6211, 6653(c)(1); see also sec. 301.6211-1(a), Proced. & Admin. Regs. (amount reported considered zero if taxpayer did not file a Federal income tax return). *60 At the outset, we note that petitioner was a self-employed investment and tax planner. As such, petitioner should have been aware of the duty to file Federal income tax returns and to report all of his income on such returns. Cf. Pimbley v. Commissioner, T.C. Memo. 1982-103. Petitioner's statement that it was "easy to beat the government" and that the Internal Revenue Service would not "catch up" with him evidence his awareness of these duties. In addition, petitioner is deemed to have admitted that, with the intent to evade tax, he fraudulently did not file Federal income tax returns for his 1979 through 1981 taxable years. The willful failure to file returns, when considered in connection with other evidence, may properly establish intent to evade tax. Cirillo v. Commissioner, 314 F.2d 478, 482 (3d Cir. 1963) affg. in part and rev. in part T.C. Memo. 1961-192. The deemed admissions establish that in addition to his willful failure to file tax returns, petitioner concealed assets; did not maintain books and records; dealt in cash; backdated documents; and advised clients that it was "easy *61 to beat the government". Thus, based on these deemed admissions, [7] we conclude that there is no genuine issue of material fact left to be resolved with respect to respondent's determinations of additions to tax for fraud under section 6653(b) for petitioner's 1979, 1980, and 1981 taxable years. To reflect the foregoing, An appropriate order granting respondent's motion for partial summary judgment will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. Respondent determined that petitioner's filing status for the 1979 through 1982 taxable years was "Married filing separate return", and for the 1983 through 1985 taxable years was "Single". Respondent reconstructed petitioner's taxable gross receipts for 1979 "on the basis of personal expenses per bank accounts less transfers between accounts". For 1980 and 1981, respondent reconstructed petitioner's income on the basis of personal expenses. For each of the taxable years 1982 through 1985, respondent reconstructed petitioner's income on the basis of identification of specific income items.↩
1. This amount is 50 percent of the interest on the deficiency.↩
3. On Jan. 29, 1991, the Clerk of the Court notified petitioner that if he filed a reply to respondent's answer by Feb. 19, 1991, respondent's motion would be denied. On Feb. 15, 1991, petitioner wrote a letter to the Court requesting an extension to Mar. 31, 1991. The Chief Judge ordered that petitioner's time to reply be extended to Apr. 1, 1991. Because petitioner did not file a timely reply, respondent's motion was granted on Apr. 16, 1991.↩
4. In 1979, petitioner paid interest expenses totaling $ 9,174.84; real estate taxes totaling $ 1,907; and sales tax entitling him to an itemized deduction based on income he had earned that year. For 1979, respondent allowed petitioner an itemized deduction of $ 9,805, and one personal exemption in the amount of $ 1,000. For both 1980 and 1981, respondent allowed petitioner one personal exemption in the amount of $ 1,000.↩
5. For 1980 through 1984, respondent allowed petitioner one personal exemption each year in the amount of $ 1,000. For 1985, respondent allowed petitioner one personal exemption in the amount of $ 1,040.↩
6. As applicable to petitioner's 1979, 1980, and 1981 taxable years, sec. 6653(b) provides: "If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."↩
7. It is well settled that fraud may be established through facts deemed admitted under Rule 37(c), Doncaster v. Commissioner, 77 T.C. 334 (1981); McGrew v. Commissioner, T.C. Memo. 1992-116, or Rule 90, Marshall v. Commissioner, 85 T.C. 267 (1985); Pimbley v. Commissioner, T.C. Memo. 1982-103↩.