T.C. Memo. 2001-322

UNITED STATES TAX COURT

FRANCESCA CAPPUCCI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1967-00.                    Filed December 28, 2001.

Francesca Cappucci, pro se.

<u>Angelique M. Neal</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent moved for summary judgment on the question of whether petitioner is entitled to administrative

costs under section 7430[1] in excess of those allowed by respondent. There is no disagreement about any material facts, and the controverted issue involves a legal question that is ripe for summary judgment. Rule 121(b); <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988); <u>Shiosaki v. Commissioner</u>, 61 T.C. 861, 862 (1974).

<u>Background</u>

Respondent, in a notice dated November 19, 1999, determined that petitioner was not entitled to $7,611 of $10,000 claimed administrative costs. Conversely, respondent determined that petitioner was entitled to $2,389 of administrative costs, which represented the costs incurred by petitioner for the services of a qualified representative after the issuance of a notice of deficiency on January 26, 1996, concerning petitioner's 1992 and 1993 tax years. Petitioner, under section 7430(f)(2), filed a petition with this Court appealing respondent's decision to allow only a part of her claim for administrative costs.

On October 13, 1994, respondent commenced an examination of petitioner's 1993 income tax return, and, on or about November 28, 1994, respondent commenced an examination of petitioner's

---

[1] All section references are to the Internal Revenue Code as amended and in effect for the period under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

1992 income tax return.  Petitioner was represented by an accountant during the examinations.  On January 26, 1996, respondent mailed a notice of deficiency to petitioner, and no petition was filed with this Court.  However, petitioner did seek respondent's reconsideration of the audit, which began on or about February 2, 1996, and on or about April 4, 1996, respondent determined that the income tax deficiencies for 1992 and 1993 should be reduced.  Dissatisfied, petitioner sought another reconsideration and on or about August 5, 1998, respondent determined that petitioner's income tax deficiencies for 1992 and 1993 should be further reduced.

Thereafter, on or about November 21, 1998, petitioner submitted a claim for the accounting fees she incurred.  Respondent determined that under section 7430(c)(2), petitioner was entitled to costs (accounting fees) incurred for services of a qualified representative only after the issuance of the notice of deficiency issued January 26, 1996.  Based on the accountant's invoices to petitioner, respondent determined that petitioner was entitled to $2,389 of costs attributable to the work performed after the issuance of the notice of deficiency.

Discussion

Section 7430 provides for the recovery by a taxpayer of certain costs incurred in connection with an administrative

proceeding with the Internal Revenue Service (IRS). Under section 301.7430-2(b), Proced. & Admin. Regs., there are several requirements that a taxpayer must meet in order to be entitled to administrative costs. Respondent agrees that petitioner met all but one of those requirements. In particular, respondent contends that not all of the costs sought by petitioner were incurred on or after the administrative proceeding date as defined in section 301.7430-3(c), Proced. & Admin. Regs.

Under section 7430(c)(2) and section 301.7430-3(c), Proced. & Admin. Regs., the "administrative proceeding date" is defined to be the earlier of (1) the date of the receipt by the taxpayer of the notice of decision of the IRS Office of Appeals, or (2) the date of the notice of deficiency.

Congress, in the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3101, 112 Stat. 727, amended section 7430 in a manner which would have permitted petitioner to claim additional administrative costs. Those amendments, however, apply to costs that were incurred more than 180 days after July 22, 1998. Unfortunately, the costs claimed by petitioner were all incurred prior to October 15, 1998.

Petitioner has explained that, from the very beginning in 1994, respondent's examiner's contacts with petitioner, her business associates, and others made the examination a "painful,

humiliating and arduous experience for * * * [her] * * * and [her] husband."  Petitioner also points out that the proposed deficiencies started at $1,727 for 1992 and $9,550 for 1993 and ended in agreed amounts of zero for 1992 and $315 for 1993.  In that regard, however, respondent does not question whether petitioner is entitled to administrative costs.  Respondent agrees that petitioner is entitled to such costs, but only to the amount incurred from the time of the issuance of the notice of deficiency.[2]

Petitioner contends that sections 301.7430-2(a) and (b) and 301.7430-3(a), Proced. & Admin. Regs., provide a basis for allowance of the costs (accountant's fees) that respondent has declined to permit.  Petitioner contends that those procedural regulations provide the Court with authority to grant reasonable costs to petitioner, including the amount that was incurred prior to respondent's issuance of the notice of deficiency.

Section 301.7430-2(a) and (b), Proced. & Admin. Regs., sets forth the requirements and procedures for recovery of reasonable administrative costs.  In particular, section 301.7430-2(a), Proced. & Admin. Regs., is introductory and generally describes the contents of the regulation.

---

[2] There is no mention here of notice's of decision being issued by the Appeals Office.

Section 301.7430-2(b)(1), Proced. & Admin. Regs., contains seven requirements, all but one of which respondent agrees petitioner has met. As explained above, respondent contends that petitioner's recovery is limited to costs incurred, in this case, after the mailing of the notice of deficiency.

Section 301.7430-2(b)(2), Proced. & Admin. Regs., is entitled "Determination by court". That section defines the circumstances where the Court may award reasonable administrative costs, but does not provide the Court with authority or a basis on which to vary from the statutory limitation of reasonable administrative costs incurred (in this case) after the date of the notice of deficiency. See sec. 7430(c)(2)(B).

Finally, section 301.7430-3(a), Proced. & Admin. Regs., describes an "administrative proceeding generally * * * [as] any procedure or other action before the Internal Revenue Service that is commenced after November 10, 1988." That procedural regulation also describes specific proceedings that are not "administrative proceedings" within the purview of section 7430. Petitioner relies on the broad definition of administrative proceedings in support of her argument that she is entitled to the administrative costs incurred prior to respondent's issuance of the notice of deficiency.

We are sympathetic to petitioner's cause. She is obviously qualified to receive appropriate costs, but for the statutory

provisions of section 7430(c)(2)(B) limiting administrative costs to those incurred after a particular event (in this case the mailing of the notice of deficiency). We also note that respondent is in agreement that petitioner is entitled to all administrative costs permitted by the statute. It is also clear that Congress was sympathetic to taxpayers' inability to obtain costs, in appropriate circumstances, that were incurred earlier than the time prescribed by section 7430(c)(2)(B). Congress, however, did not see fit to retroactively extend the modification of the period for recovery of additional administrative costs to the period of time within which petitioner incurred the costs in question. Accordingly, we are bound by Congress's clear and unequivocal mandate.

To reflect the foregoing,

An order and decision will be entered granting respondent's Motion For Summary Judgment and approving respondent's notice of decision regarding the amount of costs to which petitioner is entitled.