T.C. Memo. 2011-242

UNITED STATES TAX COURT

FUCHON DEANNE DRAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25162-10.                    Filed October 4, 2011.

Fuchon D. Drain, pro se.

<u>Evan H. Kaploe</u> and <u>Robert D. Heitmeyer</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner, while residing in Michigan, petitioned the Court to redetermine respondent's determination of an $800 deficiency in her 2009 Federal income tax.  This case is before the Court on respondent's motion for summary judgment

filed under Rule 121.[1]  The sole issue for decision is whether petitioner is entitled to the first-time homebuyer credit (FTHBC) under section 36.  We hold that she is not.

## Background

At some point between October 25 and December 27, 2002, petitioner purchased a home in Michigan (first residence) from her former husband and a second individual for $44,000 plus additional consideration.  The first residence was encumbered by a mortgage which petitioner had defaulted on by December 6, 2006. The mortgagee sold the first residence in a foreclosure sale on or about January 3, 2007.  On or about October 9, 2009, petitioner purchased a second home in Michigan (second residence) from the Federal National Mortgage Association for $8,000.

Petitioner filed with respondent a 2009 Form 1040, U.S. Individual Income Tax Return (2009 return).  The 2009 return reported zero wages, zero total income, and an $800 FTHBC and requested a refund of $800.  Respondent selected the 2009 return for audit and withheld the requested refund pending the outcome of that examination.  By notice of deficiency dated September 30, 2010, respondent determined an $800 deficiency in petitioner's 2009 Federal income tax.  Respondent asserts that petitioner is

---

[1]Section references are to the applicable version of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

not liable for any tax nor due any overpayment related to the FTHBC.

## Discussion

Summary judgment is a procedure intended to serve judicial economy by avoiding "unnecessary and expensive trials of phantom factual questions." Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for a summary adjudication may be granted with respect to all or any part of the legal issues in controversy where it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). As the moving party, respondent bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). As the nonmoving party, petitioner must do more than merely allege or deny facts. She must "set forth specific facts showing that there is a genuine issue for trial." See Rule 121(d).

Respondent supported his motion for summary judgment with the pleadings, answers to interrogatories, and exhibits related to petitioner's purchase of the first residence and the second residence. On the basis of the record at hand, we conclude that

this case is ripe for summary judgment in that petitioner has failed to present in her response any genuine issues for trial. While petitioner's response seeks to place before the Court equitable considerations regarding what she believes to be unfair practices in the mortgage industry, she has not raised any genuine issue of material fact regarding respondent's allegation that she is not entitled to the FTHBC.

Section 36 generally allows a taxpayer a credit against his or her Federal income tax where the individual is a "first-time homebuyer" who purchased a principal residence between April 9, 2008, and November 30, 2009. Sec. 36(a), (h). The term "first-time homebuyer" means an individual who did not have a present ownership interest in a principal residence during the 3-year period preceding the date of the purchase of the principal residence for which the credit is sought. Sec. 36(c)(1). The amount of the credit is equal to the lesser of 10 percent of the purchase price of the residence, or $8,000. Sec. 36(a) and (b).

Respondent asserts that petitioner is not a first-time homebuyer because she owned the first residence within the 3-year period preceding the purchase of the second residence. We agree. The first residence served as petitioner's principal residence and was owned by petitioner until the foreclosure of the mortgage on that property on or about January 3, 2007. The 3-year period after which petitioner could be considered an eligible first-time

homebuyer under section 36(c) thus expired on January 3, 2010. Petitioner purchased the second residence on October 9, 2009, before she was an eligible first-time homebuyer. She is therefore not entitled to the FTHBC under section 36(c). Accordingly, we sustain respondent's disallowance of the $800 FTHBC, and we will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.