T.C. Memo. 2006-200


UNITED STATES TAX COURT


HENRY JOHN USCINSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7831-05.                Filed September 19, 2006.


Henry John Uscinski, pro se.

Scott A. Hovey, for respondent.


MEMORANDUM OPINION


THORNTON, Judge:  This proceeding is before us on respondent's motion for summary judgment.  The issues for decision are whether petitioner underreported his 1996 gross income by $1,551,863 and whether petitioner is liable for the section 6663 fraud penalty.

When he petitioned the Court, petitioner resided in Thousand Oaks, California.

### Background

Petitioner is an attorney.  During 2002, the U.S. Attorney filed in the U.S. District Court for the Northern District of Florida, Gainesville Division (the District Court), a one-count information charging petitioner with violating section 7201 by willfully attempting to evade his 1996 income taxes and by filing a fraudulent 1996 Federal income tax return.[1]  The information charged that petitioner knowingly understated his 1996 taxable income by $1,551,863.

In October 2002, petitioner entered into a plea agreement, pleading guilty to the one-count information.  In the plea agreement, the parties agreed that by September 17, 2001, defendant had paid restitution to the United States in the amount of $1,590,000, and that this amount exceeded the "unreported fee" set forth in the information and agreed statement of facts.[2]  In connection with the plea agreement, on November 8, 2002, the parties in the criminal case filed with the District Court an agreed statement of facts, in which petitioner admitted that he

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Between August 1999 and September 2001, petitioner made payments to the United States totaling $1,590,000.

had failed to report certain funds received from a former client (the unreported funds). The agreed statement of facts states in part:

> USCINSKI is an American citizen who is currently residing in the Hong Kong Special Administrative Region, People's Republic of China. USCINSKI is an attorney who began consulting with Claude Louis DuBoc shortly before DuBoc was arrested in March of 1994 in Hong Kong. In January, 1996, Uscinski and another member of his firm officially began representing DuBoc. On May 22, 1996, Claude Louis DuBoc signed a Power of Attorney enabling his attorney, HENRY JOHN USCINSKI, to act on behalf of DuBoc in all respects, including withdrawal and deposit of funds from DuBoc's accounts at Bank Gutmann in Austria.

> On August 1, 1996, USCINSKI caused the withdrawal of $750,000 U.S. dollars in one transaction and $100,000 U.S. dollars in a second transaction from Bank Gutmann. USCINSKI directed that these funds be sent to accounts controlled by USCINSKI at Banque Pictet Et Cie, Switzerland. These funds arrived on August 9, 1996. On November 13, 1996, 890,032 Swiss Francs ($701,862.63 in U.S. Dollars) were withdrawn from Bank Gutmann at the request of USCINSKI and forwarded to the same account in Switzerland. That sum arrived on November 19, 1996 in Switzerland. All of these funds were withdrawn from Bank Gutmann at the behest of USCINSKI and converted to personal use by USCINSKI. Once USCINSKI deposited these funds into his bank account at Banque Pictet Et Cie, Switzerland, he then transferred portions of these funds to other bank accounts he controlled in Hong Kong and Thailand during 1996 through 1998 for his own personal use.

> Uscinski filed his 1996 tax return in August 1997. In this return, USCINSKI failed to report any of the funds he received from DuBoc in 1996. The income USCINSKI failed to report on his 1996 Federal income tax return totaled $1,551,863.00. The unreported income in 1996 resulted in tax due and owing of $638,698.00 for the tax year 1996.

On March 10, 2003, the District Court entered a judgment finding petitioner guilty of income tax evasion under section 7201, sentencing him to 42 months in prison and imposing a $250,000 fine.  This judgment has become final.

On February 8, 2005, respondent issued a notice of deficiency with respect to petitioner's 1996 tax year, determining that petitioner owed additional income taxes of $608,395 based on additional income of $1,551,863 and asserting a section 6663 civil fraud penalty of $454,221.

In a letter to the IRS dated March 24, 2005, petitioner stated in part:

> the income upon which the Notice of Deficiency is based was income that I restored to the U.S. Government over the succeeding few years after receipt.  This income was restored to the U.S. Government many years before the Internal Revenue Service even considered this matter. * * *

> In 1996, I received approximately USD1,550,000 [sic] that was not reported as income.  Between 1999 and 2001, I restored this income in full to the U.S. Government.

In his petition, filed April 29, 2005, petitioner assigns error to respondent's determinations in the notice of deficiency and seeks relief on these grounds:

> Relief requested is to eliminate and cancel all claimed tax due and penalties imposed.  The funds upon which said tax and penalties are imposed were received under a claim of right and were subsequently restored to the U.S. Government in full.  Accordingly, no tax should be imposed as the funds were restored.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment is not, however, a substitute for trial; it should not be used to resolve disputes over factual issues. <u>Espinoza v. Commissioner</u>, 78 T.C. 412, 416 (1982). Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988). Respondent, as the moving party, has the burden of showing that there is no genuine issue of material fact; all doubts as to the existence of an issue of material fact must be resolved against the movant. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Generally, "A prior conviction will estop a party from contesting in a later civil suit any element necessarily established in the criminal trial." <u>Considine v. United States</u>, 683 F.2d 1285, 1286 (9th Cir. 1982). The Court of Appeals for

the Ninth Circuit, to which this case is appealable, has identified a three-step approach for determining the application of collateral estoppel:

> (1) An identification of the issues in the two actions for the purposes of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case. [United States v. McLaurin, 57 F.3d 823, 826 (9th Cir. 1995); emphasis omitted.]

It is well established that a subsequent guilty plea may be used to establish issue preclusion in a subsequent civil suit where an element of the crime to which the defendant pled guilty is at issue in the second suit.  See, e.g., United States v. $31,697.59 Cash, 665 F.2d 903 (9th Cir. 1982).

Because the elements of criminal tax evasion and civil tax fraud are identical, petitioner's prior conviction under section 7201 conclusively establishes the elements necessary for finding fraud under section 6663.  See Marretta v. Commissioner, T.C. Memo. 2004-128, affd. 168 Fed. Appx. 528 (3d Cir. 2006); Frey v. Commissioner, T.C. Memo. 1998-226; see also Brooks v. Commissioner, 82 T.C. 413, 431 (1984) (holding that a section 7201 conviction collaterally estops a taxpayer from denying fraud for purposes of section 6653(b), the predecessor of section 6663), affd. without published opinion 772 F.2d 910 (9th Cir.

1985).  Accordingly, petitioner's prior conviction under section 7201 collaterally estops him from denying in the present civil tax proceeding:  (1) That petitioner's failure to report the unreported funds resulted in an underpayment in his 1996 income tax; and (2) that at least part of the underpayment is due to fraud within the meaning of section 6663.  With respect to these issues, respondent is entitled to summary judgment.

In his motion for summary judgment, respondent concedes that petitioner is not collaterally estopped from challenging the precise amount of the deficiency, inasmuch as the precise amount of the "diverted funds" was not a necessary element of petitioner's section 7201 conviction.  Respondent nevertheless contends that he is entitled to summary judgment on this issue.  Respondent points to petitioner's admission in the criminal case that he received $1,551,863 that he failed to report on his 1996 tax return.  Respondent also points to petitioner's March 24, 2005, letter to the IRS, wherein he acknowledged that the amount of his unreported income was "approximately USD1,550,000", as well as to the undisputed fact that between August 1999 and September 2001 petitioner repaid the government $1,590,000.

Petitioner contends that the evidence as to the amount of his unreported income is "inconsistent and, on that basis, inconclusive".  Petitioner contends that respondent has failed to

carry his burden to prove the precise amount of taxable, unreported income that petitioner received in 1996.

Although petitioner's admission in the prior criminal proceeding as to the amount of his unreported 1996 income constitutes "strong evidence", see Livingston v. Commissioner, T.C. Memo. 2000-121, it does not, either alone or in conjunction with the other evidence respondent relies upon, establish that there is no genuine issue of fact as to the precise amount of petitioner's unreported 1996 income.  Construing petitioner's contentions broadly, we infer that he seeks to collaterally attack his prior admissions as to the precise amount of the unreported funds.  Respondent has not contended that petitioner should be judicially estopped in this proceeding from asserting positions contrary to those he asserted in the prior criminal proceeding.  Cf. Larson v. Commissioner, T.C. Memo. 1993-188 (declining to employ judicial estoppel with respect to an admission in the taxpayer's plea agreement in a prior criminal proceeding).

Resolving, as we must, all doubts against respondent as the party moving for summary judgment, we conclude that respondent has failed to carry his initial burden to show that there is no triable issue of fact with respect to the precise amount of petitioner's 1996 unreported income.  Cf. Shiosaki v.

Commissioner, 61 T.C. 861, 864 (1974); Waxler v. Commissioner, T.C. Memo. 1979-425.

Consequently, although the current record might leave us in doubt as to petitioner's prospects for ultimately succeeding in showing error in the notice of deficiency, we shall not deny petitioner an opportunity to present relevant evidence. As this Court observed in Parker v. Commissioner, T.C. Memo. 1985-263:

> It is true that petitioner is not entitled to a trial on the possibility that an issue of material fact might turn up at the trial. First Nat. Bank v. Cities Service, 391 U.S. 253, 289-290 (1968). But it is equally true that the fact it may be surmised that petitioner is unlikely to prevail at trial is not a sufficient basis for refusing him his day in court with respect to an issue which is not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try it. * * *

We reject, however, petitioner's misguided view, reflected in his objection to respondent's motion for summary judgment, that he is entitled to relief under section 1341. In certain circumstances, section 1341 may provide tax relief to a taxpayer who repays money in one year that had been included in gross income for a prior year under a claim of right. The relief provided under section 1341, however, applies to the year in which the repayment is made and does not affect the taxpayer's obligation to report as income, in the year of receipt, items received under a claim of right. See generally MidAmerican Energy Co. v. Commissioner, 114 T.C. 570, 581 (2000) (explaining purposes and operation of section 1341), affd. 271 F.3d 740 (8th

Cir. 2001). Because petitioner's repayments occurred from 1999 through 2001, section 1341 is inapplicable in determining petitioner's deficiency for 1996, which is the only year at issue in this proceeding.[3]

In conclusion, respondent is entitled to partial summary judgment that petitioner is estopped to deny that he had an underpayment in his 1996 income tax that is due to civil tax fraud. In all other respects, respondent's motion for summary judgment will be denied.

<u>An appropriate Order</u>

<u>will be issued</u>.

---

[3] In his response to respondent's motion for summary judgment, petitioner contends, without elaboration, that if he is subject to tax on unreported income for 1996, then he should "be entitled to prove at trial the amount of any deductions that he may claim to offset his tax liability for this tax year". Petitioner has not included any such claim for deductions in his petition pursuant to Rule 34(b), nor has he sought to amend his petition to include any such claim pursuant to Rule 41(a). By separate order, the Court will provide petitioner a reasonable period in which to file any motion for leave to amend his petition with respect to any such claim and provide respondent an opportunity to respond.