T.C. Memo. 2016-109

UNITED STATES TAX COURT

ITA ANDREW UDEOBONG, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 379-13.                    Filed June 2, 2016.

Ita Andrew Udeobong, pro se.

<u>Portia Neomi Rose</u> and <u>Yvette Nunez</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency dated October 9, 2012, respondent

determined a deficiency in petitioner's 2010 Federal income tax of $49,014 and a

**[\*2]** penalty under section 6662(a) of $9,803.[1]  The issues for decision are:  (1) whether amounts received from Cigna Government Benefits (Cigna) should be included in petitioner's taxable income for 2010 and (2) whether petitioner is liable for the penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioner lived in Texas at the time his petition was filed.

In 2001 petitioner started a business called Midland Health Care Medical Supply & Equipment.  Petitioner's business was on the cash accounting method.  As part of his business, before 2005, petitioner received Medicaid reimbursement payments from Cigna.  Cigna reported these payments to petitioner on Forms 1099, and petitioner reported and paid Federal income tax on them.  After petitioner reported and paid tax on the payments, a dispute arose and he returned the payments to Cigna.  Petitioner did not deduct the returned payments from his income for the year in which he returned them to Cigna; nor did he file a claim for refund.  Litigation over the payments followed, and Cigna was required to repay

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) of 1986, as amended and in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] petitioner certain of the Medicaid reimbursement payments that petitioner had returned to Cigna, resulting in the following events relevant to 2010.

In 2010 petitioner received 78 checks from Cigna for which payment was stopped or withheld (stopped checks). Petitioner also received four checks from Cigna that represented payments he kept (retained checks). The face amounts of the retained checks totaled $258,975.35. Petitioner endorsed the retained checks, three of which he endorsed as payable to his wife.

Cigna prepared a Form 1099-MISC, Miscellaneous Income, for 2010 reporting payments to petitioner of $3,204,637.91. This sum included both the amounts represented by the stopped checks and the amounts represented by the retained checks, although the total of those two amounts is greater than the amount that Cigna reported to respondent on the Form 1099-MISC.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2010. On his Form 1040 he reported total income of $1,647 and no tax liability and claimed a refund attributable to the making work pay credit and the earned income credit (EIC). He did not include in income any of the payments he received via the retained checks or the payments that Cigna reported on the Form 1099-MISC.

**[\*4]**   In 2012 Cigna provided to petitioner a copy of the 2010 Form 1099-MISC and a list of the 78 stopped checks.  The total shown on Cigna's list of the 78 stopped checks was $3,052,804.50.  Cigna also provided to petitioner copies of 19 of the 78 stopped checks.  The amounts shown on some of the 19 checks did not match the corresponding check entries on Cigna's list.  Generally, the amounts shown on the 19 checks were smaller than the corresponding entries on Cigna's list.  For one check the discrepancy was over $3,000; the remaining discrepancies were much smaller.  Petitioner endorsed all 19 checks; one was endorsed as payable to his wife (similar to three of the four retained checks).

Respondent issued a notice of deficiency on October 9, 2012.  Respondent determined the amount of gross receipts from petitioner's business that was omitted from his return, $151,833.41, by subtracting the total on Cigna's list of the 78 stopped checks, $3,052,804.50, from the total for the payments Cigna reported on the Form 1099-MISC, $3,204,637.91.  Respondent also made corresponding computational adjustments to petitioner's self-employment tax, making work pay credit, and EIC and determined an accuracy-related penalty.  Petitioner timely petitioned the Court for redetermination.

[*5]                                    OPINION

## I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioner has not claimed or shown that he meets the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

## II. Payments From Cigna

Section 61(a) requires a taxpayer to include "all income from whatever source derived". Petitioner argues that he should not be taxed on income that he did not receive, namely, the amounts shown on the 78 stopped checks. He is not; the notice of deficiency did not include the amounts on the stopped checks. Additionally, although petitioner admits that he received the payments made by the retained checks, he argues that those payments represented the return to him of Medicaid reimbursement payments on which he had paid tax and which he subsequently had returned to Cigna (before 2005). He argues that he should not have to pay tax again on the same income.

**[\*6]**    No statutory provision gives petitioner the relief he is seeking.  Section 1341(a) provides a form of relief for a taxpayer on the cash method of accounting, allowing an adjustment to taxes owed in the year of the repayment to reflect taxes already paid.  That provision applies if:  (1) a taxpayer includes an amount in income for a prior tax year that the taxpayer repays in a later tax year and (2) the taxpayer is entitled to a deduction for the repayment for that later year.  Here, petitioner received payments from Cigna in earlier years with respect to which he paid Federal income tax.  In a later tax year he returned the payments to Cigna.  Section 1341 might have allowed him to adjust his tax for the year that he repaid Cigna, if he were entitled to a deduction in that tax year under another Code provision.  See sec. 1341(a); see also Farahani v. Commissioner, T.C. Memo. 2014-111 (holding that the taxpayer was not entitled to relief because the taxpayer was not entitled to a deduction for the year before the Court).  As a cash method taxpayer, petitioner was entitled to a deduction only for the year in which he repaid Cigna.  See sec. 1.446-1(c)(1)(i), Income Tax Regs. (for a taxpayer using the cash method of accounting, "[e]xpenditures are to be deducted for the taxable year in which actually made"); see also sec. 1.461-1(a)(1), Income Tax Regs. (stating the general rule that taxpayers making cash disbursements are to take allowable deductions for those disbursements in the year made).  That year was

**[\*7]** not 2010.  Therefore, the amounts petitioner received from Cigna must be included in his income for 2010 irrespective of whether they represent payments that had been taxed but not retained for prior years.  See sec. 61(a).

Petitioner's alternative argument, that he was unable to report the income because Cigna did not provide him a Form 1099-MISC, also is incorrect.  He received and kept the payments made by the retained checks and must include those amounts in income for the year he received them regardless of whether he received any information return.  See sec. 61; see, e.g., Du Poux v. Commissioner, T.C. Memo. 1994-448 (failure to receive a Form 1099-MISC does not convert taxable income into nontaxable income); Vaughn v. Commissioner, T.C. Memo. 1992-317 (same), aff'd without published opinion, 15 F.3d 1095 (9th Cir. 1993)

At trial respondent also moved under Rule 41(b) to amend his answer to conform to the evidence that the retained checks totaled $258,975.35, increasing petitioner's gross receipts from $151,833.41 to that amount and, as a result, increasing the deficiency.  Rule 41(b)(2) provides that when evidence is objected to as outside the issues raised by the pleadings (petitioner did so), and, therefore, the issue is not tried by consent, we may receive the evidence, and we may "at any time allow the pleadings to be amended to conform to the proof, and shall do so freely when justice so requires" so long as the nonmoving party is not prejudiced.

**[\*8]** <u>Church of Scientology v. Commissioner</u>, 83 T.C. 381, 469 (1984), <u>aff'd</u>, 823 F.2d 1310 (9th Cir. 1987); <u>Estate of Horvath v. Commissioner</u>, 59 T.C. 551 (1973). Whether justice requires us to grant respondent's motion to amend the pleadings under Rule 41 lies within our sound discretion. <u>See, e.g.</u>, <u>Estate of Quick v. Commissioner</u>, 110 T.C. 172, 178 (1998); <u>Spain v. Commissioner</u>, T.C. Memo. 1978-270. Respondent's motion came at the end of trial, and we conclude that it was an unfair surprise and prejudicial to petitioner, who then was unrepresented. Petitioner also testified that he endorsed the checks over to his wife on instruction of counsel and paid his attorney from the proceeds, raising the possibility that had the motion to amend been made earlier, petitioner might have offered evidence at trial that he was entitled to a deduction that could have reduced his taxable income. We therefore will deny respondent's motion.

III. <u>Section 6662(a) Penalty</u>

Section 6662(a) and (b)(1) and (c) imposes a penalty equal to 20% of an underpayment of tax when the underpayment is attributable to "negligence or disregard of rules or regulations" and/or a "substantial understatement of income tax." Negligence includes "any failure to make a reasonable attempt to comply with the provisions of this title". Sec. 6662(c). An understatement of income tax

[*9] is a "substantial understatement" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d).

With respect to an individual taxpayer's liability for a penalty, section 7491(c) places the burden of production on the Commissioner, requiring the Commissioner to come forward with sufficient evidence indicating that imposition of a penalty is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect. Id.; see Rule 142(a). We find that respondent has discharged his burden of production as to a substantial understatement of income tax by showing that petitioner failed to report and pay tax on the payments from Cigna represented by the retained checks and that the understatement of income tax exceeds 10% of the amount of the tax required to be shown on petitioner's return (which amount is greater than $5,000). See sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment. Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis,

**[*10]** taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Petitioner testified that he has paid taxes in the past (including on payments from Cigna) and that he understands the duty to pay tax. Petitioner claimed that he did not receive a Form 1099-MISC from Cigna for 2010 and did not include the payments represented by the retained checks on his 2010 Form 1040 because of his mistaken view that the payments were not taxable for 2010 because they had already been taxed once. Petitioner's mistaken view of the law does not rise to the level of "reasonable cause" or "good faith". See id. Nor does his nonreceipt of the Form 1099-MISC constitute reasonable cause. See, e.g., Ashmore v. Commissioner, T.C. Memo. 2016-36: Deas v. Commissioner, T.C. Memo. 2000-204. We therefore hold that petitioner demonstrated neither "reasonable cause" nor "good faith" for the underpayment. Having concluded that the penalty for an underpayment attributable to a substantial understatement of income tax applies, we need not consider application of the negligence penalty.

**[*11]** IV.  <u>Conclusion</u>

We will sustain the deficiency and the penalty determined in respondent's notice of deficiency.  In reaching our holding, we have considered all arguments made and evidence offered, and, to the extent not mentioned above, we conclude they are moot, irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.