T.C. Memo. 2017-248

UNITED STATES TAX COURT

JOHN L. ROTH AND DEANNE M. ROTH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5544-12.                     Filed December 28, 2017.

Ps overstated by more than 200% the value of a conservation
easement donated during the taxable year 2007.  R's examiner
determined that Ps were liable for the 40% gross valuation
misstatement penalty under I.R.C. sec. 6662(h) and obtained written
approval from her immediate supervisor.  The notice of deficiency
ultimately issued to Ps was based on R's Appeals officer's closing
memorandum, for which he obtained written approval from his
immediate supervisor.  The notice of deficiency omitted the 40%
I.R.C. sec. 6662(h) penalty, but R asserted the penalty in his answer,
which was signed by R's trial counsel and her immediate supervisor.
Ps contend that R failed to comply with the requirements of I.R.C.
sec. 6751(b) and that assessment of the 40% I.R.C. sec. 6662(h)
penalty is barred.

Ps also received Colorado State income tax credits for the
charitable donation of a separate conservation easement.  For the
2007 taxable year petitioners included in gross income amounts
received from the sale of some of those tax credits.  As a result of

[*2] litigation, Ps repaid some of those proceeds in subsequent tax years. Ps contend they are entitled to a 2007 taxable year deduction under I.R.C. sec. 1341 for repayment of the credit proceeds.

Held: R complied with the requirements of I.R.C. sec. 6751(b).

Held, further, the 40% accuracy-related penalty for a gross valuation misstatement is sustained for tax years 2007 and 2008.

Held, further, Ps are not entitled to a deduction for the taxable year 2007 under I.R.C. sec. 1341.

Justin D. Cumming and James R. Walker, for petitioners.

Sara J. Barkley and Miles B. Fuller, for respondent.

MEMORANDUM OPINION

WHERRY, Judge: In 2007 petitioners granted a conservation easement to a qualified charitable organization. They claimed a charitable contribution deduction for tax year 2007 and a carryover deduction for tax year 2008, together totaling $970,000. Respondent disallowed the deductions and determined Federal income tax deficiencies of $36,979 and $9,315 for tax years 2007 and 2008, respectively. In the notice of deficiency, respondent determined 20% section 6662(a) accuracy-related penalties of $7,396 and $1,863 for tax years 2007 and

**[*3]** 2008, respectively. In his answer to the petition, however, respondent affirmatively asserted 40% section 6662(h) gross valuation misstatement penalties of $14,791.60 and $3,726 for tax years 2007 and 2008, respectively.[1]

Petitioners timely petitioned the Court to redetermine the deficiencies and penalties, and before trial the parties filed a stipulation of settled issues resolving the charitable contribution deduction and substantial valuation misstatement penalty issues in the case.

The remaining issues for decision are: (1) whether petitioners are liable for each year for a 40% gross valuation misstatement penalty and (2) whether petitioners are entitled to a deduction for tax year 2007 for the repayment during tax years 2013 and 2014 of proceeds they had previously received from the sale of Colorado State income tax credits. We resolve both issues in respondent's favor.

Background

This case was submitted fully stipulated pursuant to Rule 122. The parties' stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time their petition was filed, petitioners resided in Colorado.

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*4]   During tax year 2007, petitioners donated a conservation easement encumbering 40 acres of land in Prowers County, Colorado.  On their 2007 Federal income tax return petitioners valued the conservation easement at $970,000 and claimed a charitable contribution deduction based on that amount. Because of the adjusted gross income limitations in section 170(b)(1)(E)(i), petitioners were unable to deduct the entire value of the conservation easement on their 2007 tax return.  Petitioners deducted on their 2008 tax return a carryover contribution from 2007 derived from the unused portion of the claimed easement value of $970,000.

On examination, respondent determined that petitioners improperly valued the conservation easement donation and that the correct value was zero.  The examiner also determined that petitioners were liable for a 40% penalty under section 6662(a), (b)(3), (e), and (h).  The recommendation that the 40% penalty be imposed was approved in writing by the examiner's immediate supervisor.  The examiner determined in the alternative that petitioners were liable for a 20% accuracy-related penalty under section 6662(a).

Petitioners submitted a protest letter to the Internal Revenue Service Office of Appeals (Appeals Office), seeking administrative review of the examiner's proposed report.  Petitioners and the Appeals Office did not reach an agreement,

**[*5]** and the Appeals Office ultimately issued the notice of deficiency upon which this case is based. In a closing memorandum the Appeals Office informed petitioners that "[t]he proposed penalties are fully sustained for the government." The closing memorandum was approved and signed by the Appeals officer's immediate supervisor.

The notice of deficiency issued by the Appeals Office omitted the 40% penalty and included only the 20% section 6662(a) accuracy-related penalty. Petitioners timely petitioned this Court for redetermination of the deficiencies and penalties. Respondent affirmatively asserted in his answer that the section 6662 penalty should be calculated at a rate of 40% under section 6662(h), resulting in penalties of $14,791.60 and $3,726 for tax years 2007 and 2008, respectively. The answer was signed both by senior counsel for respondent and her immediate supervisor.

The parties reached a settlement under which they agreed that petitioners are entitled to a charitable contribution deduction of $30,000 for tax year 2007. The parties also agreed that petitioners had reasonable cause for the value of the charitable contribution that they reported on their return. Accordingly respondent concedes that petitioners are not liable for a 20% section 6662(a) accuracy-related penalty.

**[\*6]**  The difference in the agreed value of $30,000 and the claimed value of $970,000 also meets the test for a gross valuation misstatement as defined in section 6662(h)(2)(A)(i).  Unlike with the 20% section 6662 accuracy-related penalty, petitioners may not claim reasonable cause to avoid liability for the 40% gross valuation misstatement penalty.  However, they assert that imposition of the 40% penalty is inappropriate because respondent failed to comply with the procedural requirements of section 6751(b)(1).

Furthermore, as a result of their claimed donation of an earlier, separate conservation easement during tax year 2006, petitioners received Colorado State income tax credits.  During 2007 petitioners sold for $195,000 a portion of these credits to another Colorado taxpayer.  As a result of litigation in Colorado State court, petitioners repaid $24,662 of that sum in 2013 and a further $83,489 in 2014.  They contend that they are entitled to a deduction for tax year 2007 for the amounts they repaid in tax years 2013 and 2014.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving by a preponderance of the evidence that the determinations are improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proving a

[*7] factual issue relating to a tax liability shifts to the Commissioner under certain circumstances. Sec. 7491(a). The burden of proof likewise falls upon the Commissioner with respect to any new matter, increases in deficiency, and affirmative defenses pleaded in the answer. Rule 142(a). Because the standard of proof in this case is the preponderance of the evidence, and the preponderance of the evidence favors respondent, we decide the case on the weight of the evidence and not on an allocation of the burden of proof. See sec. 7491(a); Estate of Turner v. Commissioner, 138 T.C. 306, 309 (2012).

Section 6662(a) imposes a 20% penalty on an underpayment of tax attributable to any of the reasons listed in section 6662(b). These include "[a]ny substantial valuation misstatement under chapter 1". Sec. 6662(b)(3). As relevant to this case, a "substantial valuation misstatement" exists where the value of any property claimed on a return (for income tax) is 150% or more of the correct value for that property. Sec. 6662(e)(1)(A). Where the claimed value is 200% or more of the actual value (a gross valuation misstatement), the 20% penalty rate provided for in section 6662(a) is increased to 40%. Sec. 6662(h)(1) and (2)(A)(i). In the case of any underpayment attributable to a gross valuation misstatement with respect to charitable contribution deduction property, the section 6664(c)(1)

[*8] reasonable cause exception for underpayments does not apply. Sec. 6664(c)(2) (now sec. 6664(c)(3)).

The parties have stipulated that the easement petitioners donated in 2007 had an actual value of $30,000. Petitioners claimed charitable contribution deductions for an easement with a claimed value of $970,000, which is more than 200% of $30,000. Absent some other consideration, a penalty of 40% will apply to the resulting underpayments in tax.

I.    Section 6751(b)

Petitioners assert that respondent's noncompliance with section 6751(b) invalidates the proposed penalties. Section 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." Compliance with section 6751(b)(1) is appropriately considered in this deficiency proceeding, and showing such compliance is part of respondent's burden of production under section 7491(c). See Graev v. Commissioner, 149 T.C. __ (Dec. 20, 2017), supplementing 147 T.C. __ (Nov. 30, 2016). Section 6751(b)(2) exempts from the application of section 6751(b)(1) additions to tax under sections 6651, 6654, and 6655, along with "any other

**[\*9]** penalty automatically calculated through electronic means." Respondent has not asserted that these exceptions apply in this case.

Petitioners contend that the "initial determination" referenced by section 6751(b)(1) is the issuance of the notice of deficiency. While written approval for the gross valuation misstatement penalty was obtained before the issuance of the notice of deficiency in this case, petitioners assert that it was the Appeals officer who handled their case, not the examiner, who made the "initial determination" with respect to the gross valuation misstatement penalty. According to petitioners, because the Appeals officer failed to get approval from his immediate supervisor for the gross valuation misstatement penalty before issuing the notice of deficiency, respondent failed to comply with the requirements of section 6751(b) and may not assess the penalty against them. Petitioners also contend that respondent failed to comply with section 6751(a) with respect to the gross valuation misstatement penalty, and thus he should be estopped from seeking to assert it later at trial.

The resolution of these disputes is controlled by our decision in Graev and Chai v. Commissioner, 851 F.3d 190 (2d Cir. 2017), vacating and remanding in part, aff'g in part, and rev'g in part T.C. Memo. 2015-42. In all three of the instances in which respondent sought to assert penalties in this case, the individual

[*10] proposing the penalties received personal approval from his or her immediate supervisor.  The examiner who proposed the 40% gross valuation misstatement penalty the first time (and the 20% accuracy-related penalty in the alternative) received personal, written approval from her group manager. Likewise, the Appeals officer received personal, written approval from his team manager for the 40% gross valuation misstatement penalty (and for the 20% penalty that was shown on the notice of deficiency).  And the senior counsel who pleaded affirmatively in respondent's answer to the petition that petitioners are liable for the 40% gross valuation misstatement penalty received her associate area counsel's personal, written approval, as evidenced by the latter's signature on the answer filed in this Court.  In sum, no matter which of these three instances was the initial determination of the 40% penalty, section 6751(b) was satisfied because each instance was approved in writing by an immediate supervisor.

Respondent in his answer affirmatively asserted the 40% gross valuation misstatement penalty and included a computation of that penalty.  See sec. 6751(a).  This answer was signed by both respondent's senior counsel and her supervisor, the associate area counsel.  See sec. 6751(b).  There was nothing improper in this, for the Commissioner routinely asserts section 6662 penalties in answers, and the Court has jurisdiction over them pursuant to section 6214(a).

**[\*11]** <u>Chai v. Commissioner</u>, 851 F.3d at 221 n.24.  The Court concludes petitioners' argument, that the Chief Counsel for the Internal Revenue Service is not empowered to make such a determination, is without merit.  Under section 6214(a) and both <u>Chai</u> and <u>Graev</u>, the Commissioner may assert additional penalties in his answer.  Since the Chief Counsel functions as an agent of the Internal Revenue Service, sec. 7803(b), and the Chief Counsel (or his delegate) is its sole representative in this Court, sec. 7452, it follows that if the Commissioner is allowed to assert additional penalties in his answer--as indeed he is--then the Chief Counsel's delegate who represents the Commissioner in this case is a proper individual to do so in this Court.[2]  <u>See</u> Rule 142(a); <u>Estate of Jung v. Commissioner</u>, 101 T.C. 412, 448 (1993).

Therefore, to the extent that the Chief Counsel for the Internal Revenue Service's delegate is the "individual" whose immediate supervisor, under section 6751(b)(1), must personally approve in writing the assertion of a penalty that is first raised in the answer, that is what occurred here, as evidenced by the signature of respondent's associate area counsel on the pleading.  Respondent thus

---

[2]When respondent first raises an additional penalty in his answer, rather than in the statutory notice, he has the burden of proof, as well as the burden of production pursuant to section 7491(c).

[*12] complied with section 6751(b)(1) and met any burden of production under section 7491(c).

Accordingly, we find that petitioners are liable for the 40% gross valuation misstatement penalty for tax years 2007 and 2008.

II.    Section 1341

During tax year 2006 petitioners received Colorado State income tax credits in connection with a claimed charitable contribution deduction.  During tax year 2007 they sold some of these tax credits and recognized proceeds of $195,000.  As a result of litigation in Colorado State court, petitioners were required to repay a portion of the proceeds during tax years 2013 and 2014.  They claim that they are entitled to a deduction for tax year 2007 for those amounts.

Section 1341(a) provides relief to taxpayers who include amounts received under a claim of right in their taxable income but then repay some of those amounts in a future tax year.  The provision has three basic requirements:  (1) the item must have been "included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to" it; (2) a "deduction is allowable for the taxable year [at issue] because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to" it; and (3) "the amount of such deduction exceeds

**[*13]** $3,000". Sec. 1341(a). If all of these requirements are satisfied, the taxpayer may deduct the item for the year in which the repayment is made. MidAmerican Energy Co. v. Commissioner, 114 T.C. 570, 580-583 (2000), aff'd, 271 F.3d 740 (8th Cir. 2001); Udeobong v. Commissioner, T.C. Memo. 2016-109, at *6; Farahani v. Commissioner, T.C. Memo. 2014-111, at *7-*8; Uscinski v. Commissioner, T.C. Memo. 2006-200, 92 T.C.M. (CCH) 285, 288 (2006).

Petitioners may not deduct for 2007 payments they made in 2013 and 2014. We need not decide whether they are entitled to a deduction for the year in which they actually repaid the proceeds from the sale of tax credits. See Udeobong v. Commissioner, at *6. It is clear that they are not entitled to such a deduction for tax year 2007.

To reflect the foregoing,

Decision will be entered
under Rule 155.